MEXICAN NAT. R. CO. v. JACKSON.

(Circuit Court of Appeals, Fifth Circuit. November 18, 1902.)

No. 1,150.

1. STATUTES—TITLES—PLURALITY OF SUBJECTS—CONSTITUTION — CONSTRUCTION.
    Const. Tex. art. 3, § 35, provides that no bill shall contain more than one subject, which shall be expressed in its title. *Held*, that the word "subject" as used in such section was not synonymous with "provisions," and that where the different provisions of the statute refer directly to the same subject, and have a mutual connection and are not foreign

to the subject expressed in the title, the statute is not in violation of the constitutional provision.

**2. SAME—INJURIES TO RAILROAD EMPLOYES.**

Laws Tex. 1897, Sp. Sess., p. 14, is entitled "An act to prescribe and define the liability of persons, receivers or corporations operating railroads or street railways, for injuries to their servants and employés, to define who are fellow servants, and to prohibit contracts between employer and employé based on the contingency of injury or death of the employé, limiting the liability of the employer for damages." *Held,* that such act was not in violation of Const. Tex. art. 3, § 35, as containing a plurality of subjects.

**3. INJURY TO EMPLOYÉ—PLACE OF ACCIDENT—RELEASE.**

Where plaintiff, a resident of Texas, executed a contract with his employer, a sleeping car company, exempting it, and any corporation over whose railroads its cars might be transported, from liability for any injuries to plaintiff, which contract was void under Laws Tex. 1897, Sp. Sess., p. 14, providing that no such contract will be binding, the fact that plaintiff's injury, for which suit was brought in the federal court in Texas, occurred in Mexico, was immaterial as affecting the invalidity of such contract, when pleaded as a defense.

Pardee, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Western District of Texas.

Thos. W. Dodd, for plaintiff in error.

W. W. King, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

McCORMICK, Circuit Judge. Neil Jackson, the defendant in error, brought his action against the Mexican National Railroad Company, the plaintiff in error (hereinafter styled the railroad), to recover damages for personal injuries claimed to have been received by reason of the negligence of the railroad and its servants. Besides other defenses not necessary to notice, the railroad pleaded: That it was a corporation owning and operating a line of railway in the Republic of Mexico, from the eastern margin of the Rio Grande, in Laredo, Tex., to the City of Mexico. That on the 15th day of April, A. D. 1888, before the date of the injury claimed to have been received by Neil Jackson, it had entered into a contract with the Pullman Palace Car Company (hereinafter called the Pullman Company), under and according to the terms of which the Pullman Company furnished the railroad with sleeping cars, to be owned and controlled by the Pullman Company, and (with exceptions not necessary to name) to be kept and maintained by it, and to furnish with each sleeping car one or more employés, as may be necessary, whose duty it was to collect fares for the accommodations furnished, for account of the Pullman Company, and generally to wait upon and provide for the comfort of passengers occupying seats or berths in the Pullman cars. That this contract by its terms was to run for a period of 15 years from May 1, 1888, and was in force on the 20th of December, 1900. That on the last-named date Neil Jackson was a porter upon the sleeper "Celaya," in the employment of the Pullman Company, and had been so engaged from July 11, 1900, under a contract in writing made at San Antonio, Tex., on July 11, 1900, in which contract, amongst other things, he agreed as follows:

"(1) I assume all risks of accident or casualties by railway travel or otherwise, incident to such employment and service, and I hereby, for myself, my heirs, executors, administrators, or legal representatives, forever release, acquit, and discharge the Pullman Company and its employés from any and all claims for liability of any nature or character whatsoever, on account of any personal injury or death to me in such employment or service.

"(2) I am aware that said Pullman Company secures the operation of its cars upon lines of railroads, and hence my opportunity for employment, by means of contracts, wherein the Pullman Company agrees to indemnify the corporations or persons owning or controlling such lines of railroad against liability on their part to employés of the Pullman Company in cases provided for in such contracts; and I do hereby ratify all such contracts, made or to be made, by the Pullman Company, and do agree to protect, indemnify, and hold harmless the Pullman Company with respect to any and all sums of money it may be compelled to pay or liability it may be subject to under any such contract in consequence of any injury or death happening to me; and this agreement may be assigned to any such corporations or persons, and used in its defense.

"(3) I will obey all rules and regulations made for the government of their own employés by the corporations or persons over whose lines of railroad the cars of the Pullman Company may be operated, while I am traveling over said lines in the employment or service of the Pullman Company; and I expressly declare that while so traveling I shall not have the rights of a passenger with respect to such corporations or persons, which rights I do expressly renounce; and I hereby, for myself, my heirs, executors, administrators, or legal representatives, forever release, acquit, and discharge any and all such corporations and persons from all claims for liability of any nature and character whatsoever on account of any personal injury or death to me while traveling over such lines in said employment or service."

The railroad submitted that at the time Neil Jackson claims to have been injured he was in the Pullman Company's sleeper "Celaya," as an employé of that company as a porter, under the terms and conditions of his contract of employment, by which he had waived all rights as a passenger, and all damages for or on account of any injuries he might have received while in that employment, which the railroad here pleads in bar of any and all rights he otherwise might have been entitled to. To this plea in bar Neil Jackson excepted, on the ground that the contract on which it is based is in violation of law, and in contravention of the statute of Texas, which prohibits an employer from exacting such contract from one of its employés, and declares such contracts void. The railroad assigns as error the action of the trial court in sustaining the foregoing exception, on the grounds (1) that the statute referred to violates section 35, art. 3, of the constitution of the state of Texas, which reads: "No bill [with exceptions not necessary to note] shall contain more than one subject, which shall be expressed in the title." The statute referred to is entitled "An act to prescribe and define the liability of persons, receivers or corporations operating railroads or street railways, for injury to their servants and employés; to define who are fellow servants, and to prohibit contracts between employer and employé based upon the contingency of the injury or death of the employé, limiting the liability of the employer for damages." Laws 1897, Sp. Sess. p. 14. (2) That the act referred to is class legislation, applying especially to one class of persons, fixing limitations upon persons, receivers, or corporations operating railroads or street railways not imposed upon other persons, and is therefore in violation of the constitution of the United States.

The second ground urged to support the assignment of error seems to us to be manifestly not well taken, when we consider the utterances of the supreme court in the cases cited by the plaintiff in error. Hayes v. Missouri, 120 U. S. 68, 7 Sup. Ct. 350, 30 L. Ed. 578; Railroad Co. v. Mackey, 127 U. S. 205, 8 Sup. Ct. 1161, 32 L. Ed. 107; Walston v. Nevin, 128 U. S. 578, 9 Sup. Ct. 192, 32 L. Ed. 544; Bell's Gap Ry. Co. v. Pennsylvania, 134 U. S. 232, 10 Sup. Ct. 533, 33 L. Ed. 892; Railroad Co. v. Mathews, 165 U. S. 1, 17 Sup. Ct. 243, 41 L. Ed. 611; the later case of Railroad Co. v. Matthews, 174 U. S. 96–110, 19 Sup. Ct. 609, 43 L. Ed. 909; and the case of Association v. Yoakum, 39 C. C. A. 56, 98 Fed. 251.

In reference to the other ground urged in support of the assignment of error, it is conceded by counsel for the railroad that under the decisions of the supreme court of the state of Texas the most liberal construction should be given to the act to uphold its constitutionality, citing numerous cases, and making special reference to the case of State v. Parker, 61 Tex. 265, which announces the doctrine that none of the provisions of a statute should be regarded as unconstitutional on this ground when they relate, directly or indirectly, to the same subject, have a mutual connection, and are not foreign to the subject expressed in the title. The section of the constitution in question is not to be given a strict or literal construction. Such a construction would tend to unduly embarrass legislation. The object of the organic provision was to prevent the bringing together in one bill subjects diverse in their nature, and having no necessary connection, with a view to combine in their favor the advocates of each, respectively, and thus secure the passage of several measures neither of which could succeed on its own merits, and to prevent the inserting in bills pregnant clauses of which the title of the act gave no information, and thereby secure legislation the real scope and effect of which had escaped the attention of many members. The first section of the act in question defines the liability of persons, receivers, or corporations operating railroads or street railways. The second section defines who are not fellow servants. The third section defines who are fellow servants. The fourth section prohibits such persons, receivers, or corporations from limiting their liability to their employés. Its language is as follows: "No contract made between the employer and the employé, based upon the contingency of death or injury of the employé, and limiting the liability of the employer under this act, or fixing damages to be recovered, shall be valid or binding." The word "subjects" as used in the constitution is not synonymous with "provisions." It does not require the interest of a party or the zeal of an advocate to discern that the provisions of this statute refer directly to the same subject, have a mutual connection, and are not foreign to the subject expressed in the title.

Neil Jackson, the plaintiff below, was at the time of instituting his suit, and at the time of entering into his contract with the Pullman Company, a citizen of Texas, and a resident of the county of Bexar, in that state. His contract with the Pullman Company was made at San Antonio, in Bexar county, Tex. One of the provisions of that contract is that "this agreement may be assigned to any such corpora-

tions or persons operating railroads, and used in its defense." It is wholly immaterial that the injury occurred in the Republic of Mexico. The citizenship of the parties, and the general law applicable, thereto and to such cases, as we have held in recent decisions, and as seems to us to be settled by the decisions of the supreme court (and is not questioned in this case so far as the record shows), gave the United States court for the Western district of Texas jurisdiction of the parties and of the subject-matter. The contract on which the plea in bar reposes contemplates in its letter, on its face, and in the very nature of the contract itself that it is to be used, when used at all, as matter of defense. It does not provide, or, if it may be held to so provide, it is not urged to support any affirmative action against Neil Jackson. If it could in any state of case be sought to be enforced against him to support an affirmative recovery, it is not sought to be so enforced in this action, but it is sought to be enforced as matter in bar of Neil Jackson's suit. It is therefore unprofitable to inquire what might or might not be the result of pleading this contract in another forum. We are dealing with it as it is presented on this record, where it is sought to be enforced by one not originally a party to it against one of the makers. In the presence of the express statute on the subject (which is as binding on the circuit court of the United States sitting in Texas as it is on the state courts), we need not discuss or consider the question whether such a contract is against the general public policy. It is too clear for discussion that it is against the public policy declared by the statute, which fixes the law on that subject for the tribunal which took and rightfully exercised jurisdiction in this case. Therefore we do not discuss the bearing of the case of Railroad Co. v. Voight, 176 U. S. 498, 20 Sup. Ct. 385, 44 L. Ed. 560, nor express any view as to the similarity or identity of the question presented and answered in that case to the question that would arise on the plea in this case in the absence of the statute. We have carefully examined and considered the decision and all the reasoning of the opinion in the Voight Case. But holding, as we do, that the contract which is attempted to be made the basis of the plea in bar falls within the provisions of the Texas statute, and is manifestly sought to be used to avoid those provisions, it seems to us superfluous to discuss the distinction between the liability of a common carrier and the liability of the same carrier as a private carrier, as is exhaustively done in the cases reviewed in the opinion in the Voight Case. And whether the relation of the porter on the Pullman car to the transportation company, in cases like the present one, more nearly resembles that of an employé than that of a passenger, or whether he is, technically, the one or the other, seems to us to be entirely immaterial, under the comprehensive provisions of the statute. We consider that the case before us presents only the question, is the statute of Texas a valid law? We hold that it is, and that the plea in bar has no support.

The judgment of the circuit court is therefore affirmed.

PARDEE, Circuit Judge, dissents.