### LINDSAY v. CHICAGO, B. & Q. R. CO. et al.

(Circuit Court of Appeals, Seventh Circuit. July 28, 1915.)

No. 2203.

1. COURTS ☜318—UNITED STATES COURTS—JURISDICTION—RESIDENCE OF PARTIES.

A suit by the widow of an employé of the Pullman Company for wrongful death was properly dismissed as to the railway company over whose lines the Pullman Company operated, where neither plaintiff nor defendant railway company was a resident of the state wherein suit was brought.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 863; Dec. Dig. ☜318.]

2. MASTER AND SERVANT ☜88—CONTRACT OF EMPLOYMENT—ESSENTIALS.

A cook on a Pullman car, whose wages were paid by the Pullman Company, and not by the railroad company hauling the car, and who was amenable to the orders of the Pullman Company only, was not an employé of the railroad company, but only of the Pullman Company.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 144–151; Dec. Dig. ☜88.]

3. MASTER AND SERVANT ☜100—INJURIES TO SERVANT—RELEASE OF LIABILITY.

A contract of employment between an employé and the Pullman Company, wherein the employé released all liability for injuries occasioned

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

by any railroad company over the lines of which he might travel, is not invalid, as against public policy, under the laws of Colorado.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 166–170; Dec. Dig. ☞100.]

4. MASTER AND SERVANT ☞86—INJURIES TO SERVANT—RELEASE OF LIABILITY.
Since the validity of a release of liability for injuries occasioned by a railroad company to an employé of the Pullman Company, as a defense, is governed by the law of the place of injury, that such a release was executed in Pennsylvania, where it was not deemed null and void, but only unenforceable as a defense to an action for injuries caused in that state, does not prevent it from being pleaded in bar in another state in an action for wrongful death.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 137; Dec. Dig. ☞86.]

5. DEATH ☞25—RELEASE OF LIABILITY—RIGHTS OF WIDOW.
In an action for wrongful death, brought under Mills' Ann. St. Colo. 1891, § 1509, providing that whenever the death of a person shall be caused by wrongful act, neglect, or default of another, and the act is such as would, if death had not ensued, have entitled the party injured to maintain an action in damages, being maintainable by the widow only if decedent could have brought action if death had not ensued, a release executed by him constituted a bar to her action.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 27; Dec. Dig. ☞25.]

6. DEATH ☞57—RELEASE OF LIABILITY—PLEADING.
A release of all liability by decedent may, in an action for wrongful death, be shown under the general denial.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 74; Dec. Dig. ☞57.]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois; George A. Carpenter, Judge.

Action by Cynthia Lindsay against the Chicago, Burlington & Quincy Railroad Company and another. Judgment for defendants, and plaintiff brings error. Affirmed.

Plaintiff, a citizen of Pennsylvania, sued the Chicago, Burlington & Quincy Railroad Company, an Illinois corporation and the Chicago, Burlington & Quincy Railway Company, an Iowa corporation, in the Circuit Court of the United States for the Northern District of Illinois, for the death of her husband, occasioned by the negligence of the defendants in operating their railroad in the state of Colorado. The deceased, at the time of the accident, was acting as a waiter and cook in a private car furnished by the Pullman Company and attached to the defendants' train. He was in the service of the Pullman Company, under its usual form of employment contract, similar to that set out in Robinson v. Baltimore & Ohio Railroad Company, 237 U. S. 84, 35 Sup. Ct. 491, 59 L. Ed. 849. The contract was executed in 1903 in Pennsylvania, the residence of the deceased. It obligated the deceased to "go wherever I may be required in said service," contained no specification of the duties of deceased, expressly declared that, while traveling in the employment or service of the Pullman Company over lines of railroad operating the Pullman car, "I shall not have the rights of a passenger with respect to such corporations or persons, which rights I do expressly renounce, and I hereby for myself, my heirs, executors, administrators, or legal representatives, forever release, acquit, and discharge any and all corporations and persons from all claims for liability of any nature or character on account of any personal injury or death to me while traveling over such lines in said em-

ployment or service." The Constitution of Colorado nullifies such a release when given by an employé to his employer.

The contract between the railroad and the Pullman Company, made in 1900, as in the Robinson Case, was not one of coproprietorship. The Pullman Company thereunder supplied on its own cars a distinct service performed by its own employés under its own management. The crew of the private car was employed, furnished, and paid by the Pullman Company, and had nothing to do with the work on the rest of the train. For the use of the private car, private individuals had paid the Pullman Company. The Colorado statutes (section 1508) provide for a forfeiture of $5,000 maximum and $3,000 minimum by a corporation for death from injuries occasioned by the negligence of its employés whilst running a car or train. Section 1509 provides that "Wherever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof," action may be maintained notwithstanding such death. Section 1510 provides that suit under section 1509 shall be by the same persons as under section 1508; that the damages shall not exceed $5,000, and shall be just and fair, with reference to the injury resulting from such death, to whoever may be entitled to sue and shall also have regard to mitigating or aggravating circumstances attending the wrongful act. The right of action is given primarily to the widow.

To reverse a judgment for defendant, based upon a verdict rendered under instruction, this writ of error was sued out.

T. F. Thompson, of Chicago, Ill., for plaintiff in error.

William Burry, F. B. Johnstone, and Guy M. Peters, all of Chicago, Ill. (F. B. Daniels and H. T. Wilcoxon, both of Chicago, Ill., of counsel), for defendants in error.

Before BAKER, KOHLSAAT, and MACK, Circuit Judges.

MACK, Circuit Judge (after stating the facts as above). [1] 1. The dismissal as to the railway company was proper, under a plea denying residence of either plaintiff, a citizen of Pennsylvania, or defendant, a citizen of Iowa, in the Northern district of Illinois.

[2] 2. Clearly, under the foregoing facts, the deceased was in no sense an employé of the railroad company, but only of the Pullman Company. Robinson v. B. & O. R. R. Co., supra.

[3] 3. If the contract of employment and the release had been made in Colorado, they would be a complete defense to a suit for injuries not resulting in death. Both under the Colorado decisions and federal decisions interpreting the common law, Lindsay was not a passenger on defendant's car. He was riding thereon, not by virtue of any contract with defendant, but solely as an employé of the Pullman Company, by virtue of the contract between the two companies. An agreement that, in consideration of this employment, by which alone his presence on the car would be permissible, the railroad should under no circumstances be liable for injuries or death of a Pullman Company porter not an employé of the railroad, has been held to be not against public policy, and to cover injuries caused by the negligence of the railroad's employés, even though such negligence is not specifically mentioned in the contract. Denver & Rio Grande Railroad Co. v. Whan, 39 Colo. 230, 89 Pac. 39, 11 L. R. A. (N. S.) 432, 12 Ann. Cas. 732; Robinson v. B. & O. R. R. Co., supra. The last point was expressly decided in Russell v. P., C., C. & St. L. Ry. Co., 157 Ind. 305, 61 N. E. 678, 55 L. R. A. 253, 87 Am. St. Rep. 214.

[4] 4. Plaintiff contends, however, that though the law of Colorado, the place where the tort was committed, governs the right of action, the employment contract and release were void in Pennsylvania, where executed, and therefore cannot be availed of as a defense in any jurisdiction. It is unncessary to consider the effect of a statute prohibiting and nullifying such releases. Pennsylvania has no such statute. Its courts do not declare such a release null and void, even if made in Pennsylvania, but merely hold it contrary to the public policy of that state, and therefore unenforceable as a defense when the tort is committed in Pennsylvania, and that, too, though the release was valid where executed. Hughes v. Pennsylvania Railroad Co., 202 Pa. 222, 51 Atl. 990, 63 L. R. A. 513, 97 Am. St. Rep. 713. On the other hand, if the injury occurred in a state which recognized the release as valid, the Pennsylvania courts enforce it, even though the contract was made in Pennsylvania. Taylor v. Adams Express Co., 52 Pa. Super. Ct. 449.

Moreover, this contract of employment clearly contemplated that the deceased might be sent anywhere. His release inured to the benefit of any railroad for injuries sustained in any state. Its validity as a defense in an action in tort is governed by the law of the place of injury. Smith v. A., T. & S. F. Ry. Co., 194 Fed. 79, 114 C. C. A. 157. And, as Colorado has no statutory provision relating thereto, the federal courts, interpreting the common law, would, in any event, enforce the release as a bar to an action for damages arising from the negligence in Colorado of the railroad's employés.

[5] 5. Plaintiff contends, further, that under the Colorado statutes an entirely new cause of action arose in her favor, and that therefore Lindsay's release of liability could not affect it. The Colorado courts have so held as to an action brought under section 1508. Denver & Rio Grande Ry. Co. v. Frederic, 57 Colo. 90, 140 Pac. 463. This ruling, like similar rulings in other states, is based on the holding that section 1508 is a penal statute; that the amount to be recovered thereunder is not compensation to be measured by plaintiff's pecuniary loss, but a forfeiture or penalty, within definite maximum and minimum bounds, dependent solely upon the extent of defendant's guilt; that such penalty might have been given to the state, or to an informer; and that the mere fact that it is given to the widow of the deceased does not change its character.

The declaration in the instant case is clearly based on section 1509, and not on section 1508. It specifies pecuniary loss. The ad damnum exceeds the maximum penalty. Both owning and operating companies were made defendants, although the operating company alone is subject to the penalty for negligence of its employés. As numerous cases cited in the Frederic Case show, the general rule that penal statutes will not be enforced in courts of another jurisdiction has been expressly applied to statutes of this kind.

[6] The remedy given by section 1509 for a wrongful act causing death is, however, expressly subject to the limitation that the act must be "such as would (if death had not ensued) have entitled the party injured to maintain an action." Lindsay's contract and release were

not made after a valid cause of action had arisen. They defined his status in relation to the defendant and prevented a cause of action from arising. As a matter of pleading, they need not be set up by an affirmative plea, but, as was held in the Robinson Case, supra, they were admissible in evidence under the general issue.

The distinction between the penalty and the compensation statutes is pointed out in the Frederic Case, supra. While the Supreme Court of Colorado does not seem to have expressly passed upon the point, we are of the opinion that whether section 1509 be held to create a new cause of action, or merely to abrogate, in favor of widow and children, the common-law rule that death of the party injured terminates the remedy for a tort, no action can be maintained thereunder, in view of the express limitations contained therein, when, as in the instant case, the deceased by his own act had prevented a cause of action from arising in his lifetime. Northern Pacific Railway Co. v. Adams, 192 U. S. 440, 24 Sup. Ct. 408, 48 L. Ed. 513. See 28 Harvard Law Review, 802.

Judgment affirmed.