THOMAS KELLY, Respondent, *v.* CENTRAL RAILROAD OF NEW JERSEY, Appellant.

Second Department, June 22, 1917.

Master and servant — negligence — validity of release from liability for personal injuries — want of consideration — when void as against public policy — when release executed by express company cannot be invoked by railroad company.

An agreement of release between an express company and its employee purporting to hold harmless the express company or any transportation company by whom or by whose servant said employee might be injured, void as against public policy for want of consideration, cannot be invoked by a railroad company in an action by said employee against it for the negligence of one of its servants in so handling a freight truck as to injure the employee.

APPEAL by the defendant, Central Railroad of New Jersey, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 3d day of May, 1916, upon the verdict of a jury for $500, and also from an order entered in said clerk's office on the 31st day of May, 1916, denying defendant's motion for a new trial made upon the minutes.

*John G. Milburn, Jr.* [*Thomas S. Doughty* with him on the brief], for the appellant.

*Henry M. Dater* [*Jay S. Jones, Edward J. Fanning* and *L. Victor Fleckles* with him on the brief], for the respondent.

JENKS, P. J.:

The action is for negligence. The defendant, appellant, does not question the propriety or the amount of the verdict, but contends that the plaintiff should have been dismissed perforce of a release executed by him to his employer, the American Express Company, but available to the defendant. KELBY, J., who tried the case with a jury, properly directed that the issue of the release should be disposed of first. Thereupon, and when the defendant conceded that there was no consideration for the release save the said employment of the plaintiff, the court, under exception, held that the release was void as against public policy.

The duty of plaintiff as such employee required him as a porter to load, to unload cars at railway stations, and to use the platform of the defendant's station. While thus about his master's business he was run down and was injured by a freight truck, dragged by a servant of the defendant. The release purports to hold harmless the plaintiff's employer or any transportation company (of which concededly the defendant is one) by whom or by whose servant the plaintiff might be injured. We are of opinion that the ruling of the court was right, under the principle declared in *Johnston* v. *Fargo* (184 N. Y. 379). (See, too, *Fitzwater* v. *Warren*, 206 N. Y. 358.) If the release is void as against public policy, that vice exists when it is invoked by one who must assert that right through a party thereto and relies upon the consideration that moved from the latter. The learned and able counsel for the appellant lays stress upon *Baltimore & Ohio, etc., Railway* v. *Voigt* (176 U. S. 498). That case is considered but not followed in *Johnston's Case* (*supra*).

The judgment and order should be affirmed, with costs.

Present—JENKS, P. J., MILLS, RICH, PUTNAM and BLACKMAR, JJ.

Judgment and order unanimously affirmed, with costs.