EUBANKS v. SOUTHERN RY. CO.

(District Court, S. D. Florida. August 29, 1917.)

1. CARRIERS ⬦234—CONTRACTS—VALIDITY—LAW GOVERNING.

The validity of a contract made in Florida by plaintiff, a Pullman Company employé, exempting any railroad company over whose line the car on which he was employed might run from liability on account of any personal injury to him, when brought in question in an action in a federal court in Florida, is to be determined by the law of that state, although the injury sued for was sustained in another state.

2. CARRIERS ⬦307(5)—INJURY TO PULLMAN PORTER—CONTRACT EXEMPTION—VALIDITY.

Gen. St. Fla. § 3148, providing that a railroad company shall be liable for any damage done to persons by the running of its trains, or by its employés, unless absence of negligence is shown, does not declare a public policy of the state, which renders void a provision in the contract of employment of a Pullman porter, exempting any railroad company over whose lines the car on which he is employed may run from liability on account of any injury to him, and in the absence of statute, or a decision of the Supreme Court of the state, establishing such a public policy, such a contract is valid.

At Law. Action by E. F. Eubanks against the Southern Railway Company. On demurrer to third amended plea. Demurrer overruled.

Miller & Fowler, of Jacksonville, Fla., for plaintiff.

John C. Cooper & Son and Martin H. Long, all of Jacksonville, Fla., for defendant.

CALL, District Judge. This cause comes on to be heard upon the demurrer to the third amended plea. On February 10th, last, a demurrer to the third plea was sustained (by mistake called "second"). By the memorandum then filed I reached the conclusion that the contract set up was void, being against the public policy of this state. By the filing of the amended plea, and demurrer thereto, that question is again investigated.

Robinson v. B. & O. R. R. Co., 237 U. S. 84, on page 91, 35 Sup. Ct. 491, on page 492, 59 L. Ed. 849, is relied upon by the defendant to sustain its contention that the contract set up is a bar to plaintiff's recovery. Justice Hughes uses this language:

"It is also clear that unless condemned by statute, the contract [meaning the very contract here set out in the plea] was a valid one and a bar to recovery."

This case holds the plaintiff therein was neither a passenger nor an employé of the railroad company, and was followed by the Circuit Court of Appeals of the Seventh Circuit, in 1915, in Lindsay v. C. B. & Q. R. R. Co., 226 Fed. 23, 141 C. C. A. 131.

[1] The point is made in defendant's brief that the question of the validity of the contract shall be tested by the law of Georgia, the place of the happening of the accident, rather than by the law of Florida, the place the suit was brought. The decisions of the Courts of Appeals are not uniform on this subject, but I feel that the decision of the Circuit Court of Appeals for the Fifth Circuit, in Mexican Nat. R. R.

Co. v. Jackson, in 118 Fed. 549, 55 C. C. A. 315, is to be followed by me in the decision of this case. The contract in question is a Florida contract, and the suit is brought in this court, sitting in Florida.

The plaintiff contends that the contract is void, because it violates the public policy of the state as exemplified by the statute law, and cites many cases from other states to sustain such contention. This question has never been directly adjudicated by the Supreme Court of Florida, under section 3148 of the General Statutes. That section provides that a railroad company shall be liable for any damage done to persons by the running of the locomotives or cars or other machinery of such company, or for damage done by any person in the employ of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence; the presumption in all cases being against the company.

Sections 3148 and 3150 provide for the apportionment of damages and liability for injury to employés. The presumption spoken of in section 3148 refers to negligence. Section 3150, as to employés, has a provision that no contract to limit the liability therein provided for shall be valid; but this provision has no reference to the liability declared in section 3148. Nor do I think can it be appealed to to determine the policy of the state in regard to such contracts. The Supreme Court of Florida, in A. C. L. R. R. Co. v. Beazley, 54 Fla. 311, 45 South. 761, says:

"A contract is not void, as against public policy, unless it is injurious to the interests of the public or contravenes some established interest of society. It is the province of a court to expound the law only, not to speculate upon what is the best, in its opinion, for the advantage of the community; hence the public policy of a state or nation should be determined by its Constitution, laws, and judicial decisions. * * * Judicial tribunals should hold themselves bound to the observance of rules of extreme caution when called upon to declare a transaction void on the grounds of public policy, and prejudice to the public interest must clearly appear before a court would be warranted in pronouncing the transaction void on this account."

This quotation is from the fourteenth headnote. 54 Fla. on page 314, 45 South. 761. These headnotes are prepared by the justice rendering the opinion, and are therefore authority. In this case, which was that of employé brought under section 3150, the court held (headnote 15) a benefit contract, by which the receipt of certain benefits should relieve the railroad of responsibility for an injury, was not void as against public policy—and that, where the section under which the suit was brought contained the provision that no contract which restricts the liability shall be legal or binding.

[2] In the absence of any decision of the Supreme Court of Florida, on the public policy of the state, as indicated by the adoption of section 3148, General Statutes, I am to arrive at that public policy by a consideration of that section, and the principle that all parties who are sui juris are free to make whatever contracts they please, so long as no fraud or deception is practiced, and the subject-matter legal and not immoral. With these rules as guides, what is the effect of section 3148? It is, as I understand the decisions of the Supreme Court of Florida construing the section, a declaration of the common-law lia-

bility, with the addition that the presumption of negligence is cast upon the defendant, and it must meet and overcome this presumption by showing that its agents and servants exercised all ordinary and reasonable care and diligence.

There is no inhibition here on the right to contract as to liability for injury. Nor does the plaintiff occupy the relation of passenger to the defendant, as before seen. I can find no law of Florida which evidences the policy of the state to make such contracts void, and under the decision in Robinson v. B. & O. R. R. Co., supra, such a contract is valid, unless forbidden.

I am of opinion, therefore, that the amended third plea states a good defense to the action.