## WESTERN UNION TELEGRAPH CO. v. TOMPA.

### No. 428.

Circuit Court of Appeals, Second Circuit.

Argued May 22, 1931.

Decided July 17, 1931.

Francis R. Stark, of New York City (Denis O'L. Cohalan, of New York City, of counsel), for appellant.

Kremer & Leavitt, of New York City (Samuel Leavitt, of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

At the time this suit was brought, the defendant was not a citizen of the United States. The plaintiff was a New York corporation with its principal place of business in that state. It is undisputed that the jurisdictional amount is involved.

The plaintiff employed the defendant to work as a cook on its work trains. While so employed on a train operated over the right of way of the New York Central Railroad Company in the state of New York, she was injured when the plaintiff's train, on which she was working, collided with one of the railroad's trains at a siding at Cohoes, N. Y., on September 23, 1927. The plaintiff was, and is, willing and able to pay her compen-

sation for the injury in accordance with the provisions of the New York Workmen's Compensation Law (Consol. Laws N. Y. c. 67), and did make one payment to her on January 30, 1928. Thereafter she brought suit in the New York Supreme Court against the New York Central Railroad Company to recover her damages for the injury. That company thereupon notified this plaintiff that it would look to it for reimbursement for all damage and expense suffered by reason of such suit in accordance with a contract of which the material part is later summarized. The plaintiff then brought this suit to restrain the defendant from proceeding with her action against the railroad company and to require her specific performance of an agreement she made with the plaintiff relating to compensation for injuries or death.

At the time the defendant was employed by the plaintiff, and continuously up to and including the date she was injured, there was in force between the plaintiff and the railroad company a contract which the railroad company's predecessor had made with the plaintiff to the effect, inter alia, that, if any employee of the plaintiff was injured in the course of his employment and while on the premises of the railroad company, the plaintiff would indemnify and save the railroad company harmless from all loss or damage of any kind arising from such injury to such employee.

When the defendant entered the employ of the plaintiff, she signed the following agreement:

"Whereas, The Western Union Telegraph Company has adopted and now has in effect a relief plan for the payment of compensation to its employees in the event of their accidental injury or death occurring in the course of their employment; and whereas in the course of my duties as an employee of the above named company, it will be necessary for me from time to time to travel over lines of railroads which the above named company has contracted to indemnify against any liability for injury to or death of persons in its employ while traveling or being on the railroad companies' premises or rights of way in connection with the telegraph company's business, either on a pass or otherwise; now therefore, it is stipulated and agreed to by me, in consideration of my employment by the said company, and as a term or condition of such employment, that in case of my accidental injury or death in the course of my employment for the said company

while traveling or being on the premises or right of way of any such railroad, I, or my personal representatives, will look for compensation solely to The Western Union Telegraph Company's relief plan before referred to, of which I have been furnished a copy and with which I am familiar, or to the Workmen's Compensation Act, if any, which may apply in such case, and that no railroad company which my said employer may have agreed to indemnify against liability for my injury or death shall be liable to me or to my personal representative for such injury or death, whether or not the same shall be caused by the negligence of such railroad company or its servants.

"Ester Tompa Cook [Signature].
"January 25, 1927 [Date].
"Geo. Hillman, Witness."

It remained unchanged at the time she was injured, and the District Court decided, after hearing and considering evidence on that subject, that, when she signed the agreement, she did so freely after it was explained to her and she understood its meaning. Insisting that it is bound to indemnify the railroad for any loss or damage it may suffer by reason of the suit the defendant has brought against it and relying upon the defendant's agreement above set forth, the plaintiff now seeks injunctive relief on the theory that it has no complete and adequate remedy at law; in that the defendant has no property and so is judgment proof. The defendant has taken the position that the plaintiff has no remedy at all in this action because 28 USCA § 379, forbids the issuance of an injunction and also because there is no equity in this suit, since the agreement of the defendant is against public policy and void.

■ The agreement does not limit the liability of the plaintiff to any private plan of its own for the payment of compensation to its injured employees, but leaves such liability as there may be under the provisions of the New York Workmen's Compensation Law unimpaired. It does deny to the plaintiff the right to sue a third person. We think that such agreements as that made by the defendant have already been held by controlling authority not to be contrary to public policy but valid and enforceable. Wells Fargo & Co. v. Taylor, 254 U. S. 175, 41 S. Ct. 93, 65 L. Ed. 205. Compare, Baltimore & Ohio Southwestern Railway Co. v. Voigt, 176 U. S. 498, 20 S. Ct. 385, 44 L. Ed. 560.

The District Court was of the same opinion regarding the validity of the defendant's agreement, but, believing that this suit was for an injunction forbidden by section 265 of the Judicial Code (28 USCA § 379), dismissed the bill. This section provides that "the writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

■ Without dwelling upon the reasoning which has lead to the distinction, for that is abundantly shown in the cases to be cited, the prohibition of the above statute does not extend to the issuance of an injunction against the enforcement of a judgment obtained in a state action where the prosecution of the state suit would be enjoined but for the statute above quoted. Wells Fargo & Co. v. Taylor, supra; Essanay Film Co. v. Kane, 258 U. S. 358, 42 S. Ct. 318, 66 L. Ed. 658; Simon v. Southern Railway Co., 236 U. S. 115, 35 S. Ct. 255, 59 L. Ed. 492; Marshall v. Holmes, 141 U. S. 589, 12 S. Ct. 62, 35 L. Ed. 870; Atchison, T. & S. F. R. Co. v. Wells, 265 U. S. 101, 44 S. Ct. 469, 68 L. Ed. 928.

■ The prosecution of the defendant's pending suit is in violation of her agreement with the plaintiff, and the plaintiff has no adequate remedy at law. Even if we assume that the plaintiff has a remedy in an independent action in equity in the state court or, without deciding, by petition to intervene in the now pending suit, such a remedy does not deprive it of the right to seek redress in this action, curtail the power, or do away with the duty of a federal court to grant relief within the limits, and to the full extent, of its own jurisdiction. Simon v. Southern Railway Co., supra; Hyde & Oglesby v. Stone, 20 How. 175, 15 L. Ed. 874.

■ Under these circumstances, it only remains to be determined whether we must wait until the threatened judgment is obtained and then enjoin its enforcement (see Langnes v. Green, 282 U. S. 531, 51 S. Ct. 243, 75 L. Ed. 520) or so act now that the defendant may proceed in that action, if proceed she must, with knowledge in advance of the futility of doing so in violation of her agreement. There is nothing in 28 USCA § 379, to deprive the District Court of jurisdiction of the subject-matter of this suit. Smith v. Apple, 264 U. S. 274, 44 S. Ct. 311, 68 L. Ed. 678. The plaintiff is not only threatened now with having to indemnify the railroad from loss or damage occasioned by the defense of that

suit, but from all the consequences which may flow from the maintenance of that action. The fact that a federal court of equity is prevented, by the limitation imposed by the above statute, from granting complete relief, should not be taken as an excuse for not doing presently what will eventually have to be done if the threatened injury to the plaintiff should become more imminent in the event that the defendant does recover a judgment against the railroad. Indeed, the difference between the threat now of unlawful injury from such a judgment and what it will be if the defendant prevails in her state suit is only one of degree. It is too plain for discussion that her real purpose and intent is not only to obtain a judgment against the railroad, but to collect it. We cannot prevent her doing all she can to obtain one, but, since it already appears that it will inevitably be against equity and good conscience to permit her to collect it, we will now grant such relief as we think the statute permits by enjoining her from doing anything to enforce any judgment she may obtain and leave her otherwise free to proceed as she may be advised.

Decree reversed, with directions to enter a decree in accordance with this opinion.