WESTERN UNION TELEGRAPH COMPANY, Plaintiff, *v.* GLADYS E. COCHRAN, as Administratrix of the Estate of ALFRED S. COCHRAN, Deceased, Defendant.

Supreme Court, Special Term, Albany County, October 1, 1949.

*Wiswall, Walton, Wood & MacAffer* for plaintiff.

*William E. J. Connor* for defendant.

BOOKSTEIN, J. This is an action by plaintiff for a permanent injunction against defendant, restraining her from prosecuting an action which she has instituted, pursuant to section 130 of

the Decedent Estate Law, against the Delaware and Hudson Railroad Corporation (hereafter referred to as " Railroad ") to recover damages for the alleged wrongful death of her intestate, one Alfred Silas Cochran, due to the alleged negligence of said " Railroad ".

The facts are undisputed.

Deceased was an employee of plaintiff. As a condition precedent to his employment by plaintiff, he signed an agreement with plaintiff which, among other things, recited that in the performance of his duties, deceased would necessarily have to travel over lines of railroads, which plaintiff had agreed to indemnify against any liability for injury to or death of persons in its employ while traveling or being on the railroad companies' premises or rights of way in connection with plaintiff's business, either on pass or otherwise, and, therefore, as a term or condition of said employment, he agreed that, in the case of any accidental injury in the course of his employment while traveling or being on the premises or right of way of any such railroad, he would look for compensation solely to plaintiff's relief plan or to the Workmen's Compensation Law, and that in the case of his accidental death in the course of his employment for plaintiff while traveling or being on the premises or right of way of any such railroad, his personal representatives would look for compensation solely to the Workmen's Compensation Law and no railroad company, which plaintiff had agreed to indemnify against liability for his injury or death, should be liable to him or his personal representatives for such injury or death, whether or not the same should be caused by the negligence of such railroad company or its servants.

As a condition precedent to permitting plaintiff's employees to enter upon its track and right of way, the " Railroad " exacted and plaintiff executed an indemnity agreement of the nature referred to in the foregoing agreement between deceased and plaintiff.

On or about July 21, 1947, deceased, while engaged in the course of his employment by plaintiff on the right of way of the " Railroad " was injured by a motor car operated by employees of the " Railroad " which injuries resulted in his death.

His dependent or dependents at first sought and received some compensation under the Workmen's Compensation Law.

Thereafter, and in due season, the defendant in her representative capacity, instituted an action against the " Railroad "

to recover for the alleged wrongful death of deceased and for his conscious pain and suffering.

The " Railroad " has notified plaintiff that it will look to it for indemnification for any loss, damage and expense as a result of said action.

It is the maintenance of that action, which plaintiff, in this action, seeks to enjoin permanently.

The parties agree that the specific problem posed by this action is one of first impression in this State.

Plaintiff has complied with the requirements of the Workmen's Compensation Law and the dependents of deceased are entitled to the death benefits, provided for thereby.

Deceased left no estate and plaintiff could not satisfy in whole or in part any judgment which it might recover against the representatives of deceased, in the event that it made indemnification to the " Railroad " for the amount of any recovery against it and for the expense incurred by the " Railroad " as a result of the action against it.

Plaintiff has no status in that action nor is its agreement with deceased any defense to the " Railroad ".

Obviously, therefore, if the agreement between plaintiff and deceased is a bar to the right to maintain that action, then plaintiff has no adequate remedy at law.

In such a situation a court of equity has and should exercise the power to restrain the action at law. (*Bomeisler* v. *Forster*, 154 N. Y. 229; *Norfolk & New Brunswick Hosiery Co.* v. *Arnold*, 143 N. Y. 265; 2 Wait's New York Practice [4th ed.], pp. 532–536.)

Where an employee has instituted suit, contrary to an agreement between him and his employer, such as exists here, against a third person to recover damages for personal injuries, the courts have granted permanent injunctions restraining the prosecution of such actions or the enforcement of any judgment recovered in such an action. (*Western Union Tel. Co.* v. *Tompa*, 51 F. 2d 1032; *Wells Fargo & Co.* v. *Taylor*, 254 U. S. 175.)

The agreement between plaintiff and deceased is a valid and enforcible one. (*Robinson* v. *Baltimore & Ohio R. R. Co.*, 237 U. S. 84.)

That an action for personal injuries brought against a third person by an employee who has signed such an agreement will be restrained, no longer admits of doubt.

The question remains whether such an agreement bars an action for wrongful death of such an employee on the part of his

representatives for the benefit of those whom the statute designates as the beneficiaries of a recovery for wrongful death.

In *Lindsay* v. *Chicago, Burlington & Quincy R. R. Co.* (226 F. 23), a similar agreement was held to constitute a bar to an action by the personal representatives of a Pullman Company employee against a railroad company, for alleged wrongful death.

In that case the court, at pages 26 and 27, said: '' The remedy given by section 1509 for a wrongful act causing death is, however, expressly subject to the limitation that the act must be ' such as would (if death had not ensued) have entitled the party injured to maintain an action.' Lindsay's contract and release were not made after a valid cause of action had arisen. They defined his status in relation to the defendant and prevented a cause of action from arising. * * * While the Supreme Court of Colorado does not seem to have expressly passed upon the point, we are of the opinion that whether section 1509 be held to create a new cause of action, or merely to abrogate, in favor of widow and children, the common-law rule that death of the party injured terminates the remedy for a tort, no action can be maintained thereunder, in view of the express limitations contained therein, when, as in the instant case, the deceased by his own act had prevented a cause of action from arising in his lifetime.''

In *Barnhart* v. *American Concrete Steel Co.* (227 N. Y. 531), the employee had, as was his right under the New Jersey Workmen's Compensation Law, in New Jersey, where the contract of employment was made, executed the option to accept the benefits of the Workmen's Compensation Law. He sustained injuries in New York State, where he was at that time employed by his New Jersey employer, and death resulted from such injuries. The Court of Appeals held that the contract would bar an action for injuries, by the employee and that it is equally true that it bars an action by his personal representatives.

In that case at page 535, the court said: '' It is contended by the appellant that the contract, even though binding upon the intestate, is not binding upon his representatives. This contention is based upon the constitutional provision of the state of New York (Art. 1, sec. 18) to the effect that the right of action to recover damages for death shall never be abrogated. The right of action which is preserved by this constitutional provision is the one provided for in section 1902 of the Code of Civil Procedure. That section provides that the executor or adminis-

trator may maintain an action to recover damages for the wrongful killing of his decedent ' against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued.' Would the defendant have been liable to the decedent if the latter had survived? If his contract of employment would bar an action by himself, it is equally true that it bars an action by his personal representatives. They have the same rights he had and no others. They stand in his place.''

Actions for wrongful death of a railroad passenger holding a free pass have been held barred by the agreement of the holder of such pass to waive any claim for personal injuries sustained while riding on such a pass. The same rule has been applied to reduced fare tickets.

In *Anderson* v. *Erie R. R. Co.* (223 N. Y. 277) deceased purchased a railroad ticket at a reduced rate and in consideration thereof a condition was imposed that the purchaser '' expressly agrees to and does thereby assume all risk of accidents and damage to person and property, whether caused by negligence of the company or that of its agents or employees or otherwise ''. While en route, a car was derailed and he was killed and it was held that the agreement was a bar to a recovery for the alleged wrongful death.

In *Hodge* v. *Rutland R. R. Co.* (112 App. Div. 142, decision amended 115 App. Div. 881, affd. 194 N. Y. 570) deceased had executed an agreement, in consideration of a reduced rate, that the company should not be liable for any injury by negligence or otherwise. Decedent was killed by reason of the alleged negligence of the railroad. A recovery by his personal representatives, for his alleged wrongful death was barred.

The court in that case, at page 143, said: '' The cause of action for causing death by negligence is given by section 1902 of the Code of Civil Procedure [now Decedent Estate Law, § 130]; and is given only against a person ' who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued.' ''

The rule or principle established by these cases is that the statute gives the cause of action against one who '' *would have been liable to an action in favor of the decedent by reason thereof if death had not ensued''* (italics supplied) ; that deceased by his agreement barred an action in his favor for personal injuries; that accordingly he had no cause of action in his favor if death had not ensued; and, hence, none existed in favor of his representatives when death did ensue.

There is no reason why the principle should not be followed in the case of an employee, making an agreement such as exists in this case, since such an agreement is valid. (*Robinson* v. *Baltimore & Ohio R. R. Co., supra.*)

The only holding to the contrary to which this court's attention has been called is *Rowe* v. *Richards* (35 S. D. 201) where the person injured thereafter executed a release; later he died, and his representatives brought an action for his wrongful death. By a divided court, the right to maintain such action was sustained on the theory that the action for wrongful death, under a statute similar to ours, was newly created and came into existence only at death and that deceased could exercise no power over it as against those for whose benefit it was created. Even the majority of that court conceded (p. 205) " that a large number, and perhaps a majority, of the cases wherein this precise question was under consideration " have held contrary to the conclusion reached by them. This holding is in apparent conflict with the rule enunciated by the courts of this State. (See *Anderson* v. *Erie R. R. Co., supra;* and *Hodge* v. *Rutland R. R. Co., supra.*)

Williston on Contracts (Vol. 6 [Rev. ed.] § 1770, pp. 5026–5027) states the rule as follows: " Thus if a statutory right to recover for wrongful death is intended merely to perpetuate the decedent's cause of action, it can be discharged by the injured person, but if it creates a new cause of action, it can be discharged only by the beneficiaries."

In a footnote (No. 18) at page 5026, Williston says: " Causes of action under statutes similar to Lord CAMPBELL's Act, although not derivative from the cause of action accruing to the injured person, are generally held dependent on the existence of such a cause of action, so that a discharge by the injured person is a defense * * * under the statute."

The rule is stated as follows, in Restatement of the Law of Torts (§ 925, comment a): " Although the death statutes create a new cause of action, both they and the survival statutes are dependent upon the rights of the deceased. Hence where no action could have been brought by the deceased had he not been killed, no right of action exists. Likewise a release by the deceased or a judgment either in his favor or, if won on the merits, in favor of the defendant, bars an action after his death."

On authority, as well as on reason and analogy, an action against the " Railroad " to recover damages for the alleged

wrongful death of defendant's intestate is barred by his agreement with plaintiff.

Plaintiff is entitled to the permanent injunction sought.

Submit decision and judgment.