# HULL v. BURR.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE
FIRST CIRCUIT.

No. 767. Argued March 3, 1914.—Decided June 22, 1914.

A suit does not arise under the laws of the United States unless it really
and substantially involves a dispute or controversy respecting the
validity, construction or effect of some law of the United States upon
the determination of which the case depends and so appears not by
mere inference but by distinct averments according to rules of good
pleading.

In this case, *held* that a suit to restrain trustees in bankruptcy from
prosecuting an equity suit against complainants in the state court on
the ground that the bankruptcy proceedings were a fraud and that
the appointment of the trustees was void was one arising under the
laws of the United States within the meaning of § 24, Judicial Code,
and the decision of the Circuit Court of Appeals is not final.

Although there may be a general prayer for relief, if no relief other than
injunction against prosecution of a suit in the state court is brought
to the attention of either the District Court or the Circuit Court of
Appeals, the general prayer should be treated as abandoned.

The prohibition, § 720, Rev. Stat., now § 265, Judicial Code, against
granting the writ of injunction by the Federal court to stay pro-
ceedings in a state court except where authorized by the Bankruptcy
Act, *held*, in this case, to apply to a case commenced after adjudica-
tion of bankruptcy to enjoin the trustee from prosecuting a suit in
ejectment, in the courts of the State where the land is situated. Such
a case is not within the exception or in aid of the bankruptcy pro-
ceeding.

206 Fed. Rep. 4; 207 Fed. Rep. 543, affirmed.

THE facts, which involve the jurisdiction of this court
of appeals from judgments of the Circuit Court of Appeals
and also the construction and application of § 265, Ju-
dicial Code (§ 720, Rev. Stat.), are stated in the opinion.

*Mr. George C. Bedell,* with whom *Mr. H. Bisbee* was on
the brief, for appellants.

*Mr. Frank L. Simpson,* with whom *Mr. E. R. Gunby* and *Mr. James F. Glen* were on the brief, for appellees.

MR. JUSTICE PITNEY delivered the opinion of the court.

The appellants, Joseph Hull, The Prairie Pebble Phosphate Company (hereinafter referred to as the Prairie Company), and the Savannah Trust Company, brought this action in equity in the District Court of the United States for the District of Massachusetts against appellees, Arthur E. Burr, Frank L. Simpson, and J. Howard Edwards, who are trustees in bankruptcy of the Port Tampa Phosphate Company, a corporation organized and existing under the laws of the State of Massachusetts. The bill was filed in August, 1912, and, defendants having demurred, an amended bill was filed, and it was stipulated that the demurrer should stand as a demurrer to the substituted bill. The District Court entered a decree sustaining the demurrer and dismissing the bill (206 Fed. Rep. 1). The Circuit Court of Appeals affirmed the decree (206 Fed. Rep. 4), and denied a petition for rehearing (207 Fed. Rep. 543).

The amended bill, besides showing diversity of citizenship, avers in substance as follows: That prior to the transactions in question, Stewart and Meminger were the owners in fee simple of a tract of land in Polk County, Florida, containing 440 acres, together with certain buildings and personal property situate upon it; that on May 22, 1905, in consummation of a prior contract, they conveyed all their right, title, and interest in the property to Hull by deed duly recorded, which vested in him a good legal title in fee simple to the real estate, with full title to the personal property and the right to possession as against all persons, "and his recorded paper title to all the said properties was perfect;" that before the delivery of the deed by Stewart and Meminger to Hull the Port Tampa

Company claimed to own some equitable interest in the
property, under a contract between it and Stewart and
Meminger, which interest Hull purchased for a full con-
sideration, and before the delivery of said deed to Hull
the Port Tampa Company adopted and placed upon its
records a resolution reciting its agreement to sell the
property to Hull, and authorizing and directing Stewart
and Meminger to make a deed to him; that soon after the
delivery of the deed Hull took possession; that on June 7,
1907, he executed and delivered to the Prairie Company a
deed of conveyance of all his right, title, and interest in
said properties for the consideration of about $37,000,
which deed was shortly afterwards recorded, and the
Prairie Company took actual and peaceable possession
of the property and has continued to hold it until the
present time, having made valuable improvements upon
it; that afterwards, and prior to March 26, 1908, the
Prairie Company executed and delivered to the Trust
Company a deed of trust conveying its right, title, and
interest in said properties, together with other properties,
to secure the payment of bonds amounting to about
$1,800,000, and the deed of trust was duly recorded; that
it came to the knowledge of Hull that certain creditors
of the Port Tampa Company had asserted that the com-
pany owned some interest in said properties, and on the
twenty-eighth of November, 1905, he commenced an ac-
tion of ejectment against that company in the United
States Circuit Court for the Southern District of Florida,
being the district in which the property was situate; that
the company was served with process therein on De-
cember 6, 1905, and such further proceedings were had
that on March 13, 1906, upon the verdict of a jury, a
judgment was rendered adjudging that Hull was entitled
to recover from the Port Tampa Company the fee simple
title and right of possession of the lands in question. The
bill sets up that on November 8, 1905, a petition in bank-

ruptcy was filed against the Port Tampa Company "in this court of bankruptcy" [the District Court of the United States for the District of Massachusetts]; that a subpœna was issued thereon returnable on the twentieth day of the same month, and returned served, and that on the return-day an appearance was entered for the company by one J. H. Robinson. Copies of the creditors' petition, the subpœna, and the appearance are appended to the bill as an exhibit. The bill alleges that defendants assert that by virtue of a decree in bankruptcy made in said District Court on November 27, 1905, adjudging the Port Tampa Company bankrupt, they are the owners of an equitable interest or estate in the said lands and other properties, and that the defendant Burr was, on December 27, 1905, appointed sole trustee in bankruptcy of the company; that he resigned as such trustee on March 12, 1909, and on the same day his resignation was accepted, and Burr, Simpson, and Edwards were appointed trustees in his place; and that defendants claim that by the adjudication in bankruptcy and their appointment the title to an interest or estate in said lands became vested in them as such trustees; that on or about March 26, 1908, and before he resigned as trustee, Burr brought a suit by bill in equity in the circuit court in and for Polk County, Florida, against complainants, to establish such interest or estate, but there has been no trial of this suit on the merits, nor had the same been brought to final issues of fact and law before Burr's resignation; that on January 9, 1912, the defendants filed in said state court a supplemental bill of complaint, wherein they averred that said suit was brought by Burr as trustee in bankruptcy, and that Burr resigned as such trustee on March 12, 1909, and prayed that they might be substituted as complainants in his place; that the present complainants filed an answer to the said supplemental bill, but that the issues have not been tried, and no decree has been rendered mak-

ing the defendants as trustees complainants in said suit. The present bill then proceeds to attack the proceedings and adjudication in bankruptcy, and the title of the defendants as trustees, as fraudulent and void upon various grounds, which may be summarized as follows: That the Port Tampa Company's principal place of business was not in Massachusetts, as alleged in the petition, and that it had no business except in Florida; that it was not insolvent, and did not commit the act of bankruptcy alleged, or any act of bankruptcy; that the petitioning creditors were directors of the company and knew the company was solvent and had committed no act of bankruptcy; that the jurisdictional facts were falsely and fraudulently averred, being fabricated for the purpose of pretending to state a cause within the jurisdiction of the court; that the petitioning creditors controlled both sides of the litigation through their ownership of a majority of the company's stock; that Robinson, who entered the appearance in behalf of the Port Tampa Company, was not in fact authorized to appear for or represent the company; and that the petition was fraudulently made to appear as an involuntary petition by creditors, whereas in truth and in legal effect it was a voluntary petition on the part of the company and its officers and directors. It is also alleged that the appointment of defendants as trustees in the place of Burr on March 12, 1909, was invalid, because no judge or referee appointed them, their claim being that in fact they were appointed trustees at a meeting of creditors, whereas complainants allege that the pretended call by the referee for the meeting of creditors was issued at a time when there was no vacancy in the office of trustee; that ten days' notice of the meeting was not given by mail to all the creditors as required by law; that the only creditor who attended the meeting was one Wills, a director of the company, and that there were ten other creditors who had proven claims; that Wills did

not own a *bona fide* provable claim to the amount of one-half of the claims that had been proven; and that the appointment of defendants as trustees was made by Wills alone. Complainants insist that there was no power or jurisdiction in any creditor or creditors to appoint defendants as trustees on March 12, 1909, because at that time there was no vacancy in the office of trustee, since Burr had not then resigned and his resignation had not been accepted by the court. The bill further avers that in their answer to the supplemental bill in the equity suit in the circuit court of Polk County, Florida, the present complainants set up the defense of "want of jurisdiction of the said court of bankruptcy to render any decree of adjudication, and that such alleged decree was void on the face of the said proceedings"; that this part of the answer was excepted to and the exceptions sustained by the order of the Polk County circuit court; that on appeal, the Florida Supreme Court affirmed this order on July 3, 1912, ruling that all such defenses were collateral attacks upon the bankruptcy proceedings, which were not permissible, the ruling being expressed in the following words: "The assaults made upon the bankruptcy proceedings in the Federal Court of Massachusetts by the answer of the appellants to the supplemental bill of the appellees in the particulars wherein said answer was excepted to by the appellees is simply a collateral attack upon the judgments, orders and proceedings in said bankruptcy court that is not permissible either by way of defence to the supplemental bill or to the original bill as amended;" that by reason of the said judgment of the Florida courts the present complainants cannot by way of defense to the bills of complaint in those courts "have and obtain that speedy, adequate and appropriate relief that this court is competent to render upon this original bill of complaint; and your orators fear that the Florida courts will decline to adjudicate as to the character

and title of the defendants as trustees and their competency to attack your orators' title to said properties, as herein set forth, upon any answer to the said bills in the said state court." The present amended bill further sets up that "Upon the facts hereinbefore set forth, which are conclusively provable to be true by the record of the proceedings of the said court of bankruptcy, if the said Port Tampa Company had any title to any of the aforesaid properties, legal or equitable, at the time of the said alleged decree of adjudication, such title still remains in the said company; that your orators are still liable to be sued by the said company in any court of competent jurisdiction to assert such title, and that a final decree in the Florida state court for or against the defendants as such alleged trustees would not be pleadable in bar of a suit by the said company against your orators to assert such title." The specific prayer is for a decree to restrain defendants "from asserting or claiming as trustees in bankruptcy, in any court or place, any right, title or interest in or to any of the properties herein described until the further decree of this court." There is also a prayer for general relief. Appended as exhibits and made a part of the bill are the copies of the petition, subpœna, return, and appearance in the bankruptcy proceedings, already mentioned, and a transcript of the record of the ejectment suit in the United States Circuit Court for the Southern District of Florida.

The District Court, in sustaining the demurrer, held that since upon the face of the bankruptcy proceedings there was no want of jurisdiction over the parties or the subject-matter, and the decree was not void in form, it could not be collaterally attacked, and could be assailed only by a direct proceeding in a competent court; citing *Lamp Chimney Co.* v. *Brass & Copper Co.*, 91 U. S. 656, 662; *Graham* v. *Boston, Hartford & Erie R. R. Co.*, 118 U. S. 161, 178. Treating the present suit as a direct at-

tack, the court held, first, that no right or interest of complainants appeared to be so prejudiced by the adjudication in bankruptcy as to entitle them to equitable relief against it; that the adjudication concerned only the bankrupt and its creditors, since it made no difference to complainants whether the claim to the Florida properties was asserted by the bankrupt itself or by its trustees; that the allegation that a final decree in the Florida suit would not bar an action brought by the company itself was a mere conclusion of law, not admitted by the demurrer, and an unsound conclusion in view of the facts alleged; that, the adjudication not having been questioned by the bankrupt or its creditors, they were bound by it, and by virtue of it the trustees were in the bankrupt's place so far as concerned any claim that it could assert to the Florida properties. And, secondly, that there was a defect of necessary parties, because the only defendants named in the bill were the bankruptcy trustees, respecting whom it was not alleged that they were parties to the bankruptcy proceedings, nor that they participated in the fraud whereby the adjudication was alleged to have been procured.

The Circuit Court of Appeals, while agreeing with this reasoning, placed its decision upon the ground that complainants were invoking not the powers of the District Court in bankruptcy, but its general powers as a court in equity; that it also appeared that the proceedings in Florida were insituted by a bill in equity with the parties reversed; that the Florida court was a chancery court and a court of superior jurisdiction in equity, and for present purposes of equal dignity and authority with the District Court of the United States for the District of Massachusetts; that the bill in substance merely invoked the general equitable jurisdiction of the District Court in order to restrain proceedings in a state court proceeding in equity in a prior suit between the same parties; and that this ran

counter to § 720, Rev. Stat. (§ 265, Jud. Code, 36 Stat. 1162, c. 231), as well as to the general principle that the authority of the court first acquiring jurisdiction, the parties being the same, must prevail; citing *Marshall* v. *Holmes*, 141 U. S. 589, 596; and *Central National Bank* v. *Stevens*, 169 U. S. 432, 462.

There is a motion to dismiss the appeal, based upon the ground that the jurisdiction of the District Court depended solely upon diversity of citizenship, and that therefore the decree of the Circuit Court of Appeals is final, under § 128, Judicial Code (36 Stat. 1133, c. 231). The motion must be granted unless the suit was one arising under the laws of the United States, within the meaning of the first subdivision of § 24 of the Code. The rule is firmly established that a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of some law of the United States, upon the determination of which the result depends. And this must appear not by mere inference, but by distinct averments according to the rules of good pleading; not that matters of law must be pleaded as such, but that the essential facts averred must show, not as a matter of mere inference or argument, but clearly and distinctly, that the suit arises under some Federal law. *Hanford* v. *Davies*, 163 U. S. 273, 279; *Mountain View Mining & Milling Co.* v. *McFadden*, 180 U. S. 533, 535; *Defiance Water Co.* v. *Defiance*, 191 U. S. 184, 191; *Arbuckle* v. *Blackburn*, 191 U. S. 405, 413; *Bankers Casualty Co.* v. *Minneapolis &c. Ry. Co.*, 192 U. S. 371, 383; *Shulthis* v. *McDougal*, 225 U. S. 561, 569.

We have not considered whether the action could be regarded as ancillary to the proceedings in bankruptcy, and for that reason maintainable in the District Court as a suit arising under the laws of the United States (see *Freeman* v. *Howe*, 24 How. 450, 460; *Minnesota Co.* v. *St. Paul Co.*, 2 Wall. 609, 633; *Buck* v. *Colbath*, 3 Wall. 334,

345; *Christmas* v. *Russell,* 14 Wall. 69, 81; *Krippendorf* v. *Hyde,* 110 U. S. 276, 281; *Lammon* v. *Feusier,* 111 U. S. 17, 19; *Covell* v. *Heyman,* 111 U. S. 176, 179, 180; *Dewey* v. *West Fairmont Gas Coal Co.,* 123 U. S. 329, 333; *Gumbel* v. *Pitkin,* 124 U. S. 131, 144; *Morgan's Co.* v. *Texas Central Railway,* 137 U. S. 171, 201; *Byers* v. *McAuley,* 149 U. S. 608, 615; *Root* v. *Woolworth,* 150 U. S. 401, 413; *Moran* v. *Sturges,* 154 U. S. 256, 274; *White* v. *Ewing,* 159 U. S. 36, 39; *Carey* v. *Houston & Texas Ry.,* 161 U. S. 115, 130; *In re Johnson,* 167 U. S. 120, 125; *Pope* v. *Louisville &c. Ry.,* 173 U. S. 573, 577; *Wabash Railroad* v. *Adelbert College,* 208 U. S. 38, 54), because complainants have not planted themselves upon that ground.

Complainants are not parties to the proceeding in bankruptcy, and are setting up rights in opposition to the adjudication and the appointment of trustees therein. They seek to have the trustees restrained from prosecuting the equity suit against them in the state court of Florida, and to that end undertake to show (a) that the bankruptcy proceedings were void for want of jurisdiction; (b) that the entire proceedings were a fraud upon the Bankrupt Act; and (c) that, even if the proceedings were valid, the appointment of the trustees was void. This is the theory of the bill of complaint, and it is by this that the right of ultimate appeal to this court is to be tested, rather than by the grounds upon which the District Court and the Circuit Court of Appeals reached conclusions adverse to the relief prayed. Were the views adopted by those courts found to be untenable, it would be necessary to pass upon the attack made by complainants upon the title of the trustees in bankruptcy; and to do this would require us to determine the construction and effect of those provisions of the Bankruptcy Act that bear upon the matters of fact averred as the basis of the attack. We deem, therefore, that the suit is one arising under the laws of the United States, within the meaning of

§ 24, Judicial Code, and the motion to dismiss will be denied.

Upon the merits, we find it unnecessary to consider the views expressed by the District Court, since it seems to us that the view of the Circuit Court of Appeals as to the effect of § 720, Rev. Stat., is correct, and is sufficient to dispose of the case.

The substance of the matter is that complainants allege that they are the owners of certain property in Florida in which defendants, as trustees in bankruptcy of the Port Tampa Company, assert an equitable claim or interest, to establish which they are prosecuting or attempting to prosecute an equitable action in a Florida state court against complainants. The latter aver that because of fraud, or for other reasons, the proceedings and adjudication in bankruptcy and the appointment of defendants as trustees are invalid, and that for this reason any decree that may be made by the Florida state court will not be binding upon the Port Tampa Company. As already mentioned, the specific prayer is that defendants may be restrained from asserting or claiming as trustees in bankruptcy, in any court or place, any right, title or interest in the property. There is a prayer for general relief, but it was pointed out by the Circuit Court of Appeals (207 Fed. Rep. 543, 544) that no right to relief other than by way of an injunction was brought to the attention of the District Court or of the Court of Appeals upon the hearing. The general prayer should therefore be treated as abandoned.

So far as the action already pending in the Florida court of equity is concerned, the case is clearly within § 720, Rev. Stat. (§ 265, Judicial Code, 36 Stat. 1162, c. 231): "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bank-

ruptcy." The latter clause formerly had reference to § 5106, Rev. Stat. (§ 21 of the Bankruptcy Act of March 2, 1867, 14 Stat. 517, 526, c. 176); in the place of which we now have § 11 and sub-divisions 7 and 15 of § 2 of the Bankruptcy Act of July 1, 1898 (30 Stat. 544, 546, 549, c. 541). It is quite evident that the injunction sought by the present complainants is not one authorized by the Bankruptcy Act.

The prohibition against injunctions to stay proceedings in state courts originated in the act of March 2, 1793 (c. 22, § 5, 1 Stat. 333, 335), and has been constantly observed by the courts. See *Diggs* v. *Wolcott*, 4 Cranch, 179; *Peck* v. *Jenness*, 7 How. 612, 625; *Watson* v. *Jones*, 13 Wall. 679, 719; *Haines* v. *Carpenter*, 91 U. S. 254, 257; *Dial* v. *Reynolds*, 96 U. S. 340; *Chapman* v. *Brewer*, 114 U. S. 158, 172; *United States* v. *Parkhurst-Davis Co.*, 176 U. S. 317, 320; *Hunt* v. *New York Cotton Exchange*, 205 U. S. 322, 338; *Prentis* v. *Atlantic Coast Line*, 211 U. S. 210, 226.

It is recognized, however, that § 720 was not intended to limit the power of the Federal courts to enforce their authority in cases that on other grounds are within their proper jurisdiction; and hence, it has been held that, in aid of its jurisdiction properly acquired, and in order to render its judgments and decrees effectual, a Federal court may restrain proceedings in a state court which would have the effect of defeating or impairing such jurisdiction. *French, Trustee,* v. *Hay*, 22 Wall. 250; *Dietzsch* v. *Huidekoper*, 103 U. S. 494, 497; *Julian* v. *Central Trust Co.*, 193 U. S. 93, 112; *Traction Co.* v. *Mining Co.*, 196 U. S. 239, 245.

The contention that the present case falls within this exception to the general application of § 720, because the bill is really filed in aid of the judgment of a Federal court, that is to say, the judgment in favor of Hull in the ejectment suit in the Circuit Court of the United States for

the Southern District of Florida, will not bear analysis. The ejectment suit was commenced after the adjudication of bankruptcy, and the bill does not aver that the judgment cut off the equitable rights of the Port Tampa Company, but on the contrary declares that if that company had any title to the property, legal or equitable, at the time of the adjudication of bankruptcy, such title still remains in the company. It is not averred that the claim of equitable right on the part of the company is inconsistent with the judgment, or should be subordinated to it. The present trustees, or either of them, were not made parties to the ejectment suit, nor is the company made a party to the present action. And, upon the whole, it seems to us that by no interpretation or construction can the present bill be deemed to have been filed in aid of the judgment in ejectment, or be sustained upon that theory.

It is argued that the bill cannot be deemed to have as its object the staying of a pending suit in the state court, because that action abated upon Burr's resignation as trustee, and no further proceeding can be had until his successors have been made parties. To this point a decision of the Florida Supreme Court in the very action is cited; *Hull* v. *Burr*, 62 Florida, 499. We do not interpret this decision as sustaining the contention, and in a subsequent stage of the same litigation (64 Florida, 83), the court distinctly held that the action did not abate on the resignation of Burr, but might be proceeded with by his successors when appointed, the same as if originally instituted by them; and that a supplemental bill was the proper procedure to have such successors formally brought into the case as parties. Indeed, it is only upon the theory that defendants are prosecuting that suit that the complainants show ground for an injunction against them.

To the suggestion that the term "any court," in the bill of complaint, may include other Federal courts, it is

·sufficient to say that the bill is devoid of any showing that defendants are asserting claims against complainants' title in any court other than the Florida state court. Hence there is no occasion to invoke the general rule that the court first obtaining jurisdiction of a controversy should be permitted to proceed without interference. *Peck* v. *Jenness,* 7 How. 612, 624; *Central National Bank* v. *Stevens,* 169 U. S. 432, 459; *Bigelow* v. *Old Dominion Copper Co.,* 74 N. J. Eq. 457, 473, *et seq.*

We deem that the main object of the bill, to which all else is incidental, is in contravention of § 265 of the Judicial Code (formerly § 720· of the Revised Statutes), and that therefore the decree should be

*Affirmed.*