## In re WALKER GRAIN CO.

(District Court, N. D. Texas, Fort Worth Division. December 19, 1923.)

### No. 1001.

**Bankruptcy ⚖══391(3)—Injunction to stay proceedings in state court refused.**

> Pending a creditors' suit in a state court against a debtor and another to recover from the latter property alleged to have been fraudulently transferred, the debtor was adjudged bankrupt, and the trustee intervened in the state suit, but both he and the plaintiff refused to proceed with the suit. In the meantime the trustee brought a similar suit against the same transferee in the bankruptcy court. *Held*, that the latter court would not grant a stay to prevent the state court from dismissing the suit for want of prosecution, in order to preserve to the trustee whatever lien may have been acquired therein in case he failed to recover in the federal court.

In Bankruptcy. In the matter of the Walker Grain Company, bankrupt. On application of trustee for injunction to stay threatened action by state court. Denied.

See, also, Wilkinson v. Walker (D. C.) 292 Fed. 395; Id., 294 Fed. 939.

Boykin & Ray, of Fort Worth, Tex., for the motion.

Cooke, Dedman & Potter and J. A. Templeton, all of Fort Worth, Tex., and W. E. Spell, of Waco, Tex., opposed.

ATWELL, District Judge. In July, 1918, Elwood Grain Company brought a creditors' bill in the state court against the Walker Grain Company and J. L. Walker. The bill alleged that Walker had carried

on his private business in the name of the corporation and had made large sums of money thereby, which he had invested in certain described real estate. It was sought to establish a judgment against Walker and a lien on the real estate. This statement is quite brief and decidedly summary, but it brings to the mind the suit and the relief desired.

Within four months of the filing of that suit an involuntary petition in bankruptcy was filed against the Walker Grain Company, and in 1920 it was finally adjudicated, and in the early part of 1921 W. W. Wilkinson, Esq., was appointed trustee. Seasonably the trustee intervened in the state court suit. He had, in the meantime, instituted various other suits in the federal court, and in particular cause No. 71 Equity, Wilkinson v. Walker. The case of Wilkinson v. Walker 294 Fed. 939, was decided by this court on December 18, 1923. In that suit the issues that are presented in the state court suit were considered.

On June 21, 1922, judge of the state court ordered the state court suit dismissed. To this action the plaintiff excepted, but does not appear to have perfected its appeal. On the 8th day of October, 1923, the plaintiff in that suit and the intervening trustee declined in open court to prosecute the suit, and thereupon the state court dismissed it for want of prosecution. On November 27, 1923, the state court reinstated the cause for a period of 15 days to give the trustee an opportunity to present to the United States court an application for a stay.

1. The trustee contends for the lien that resulted from the filing of the bill in the state court. This equitable lien, in favor of the plaintiff in that bill, is now the property of the estate, since the institution of the bankruptcy; that is, it is the property of all of the creditors, if the court so orders. Section 67f, Bankruptcy Act (Comp. St. § 9651); Globe Bank & Trust Co. v. Martin, 236 U. S. 288, 35 Sup. Ct. 377, 59 L. Ed. 583; First National Bank v. Staake, 202 U. S. 141, 26 Sup. Ct. 580, 50 L. Ed. 967; Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122; Heidritter v. Elizabeth Oil Cloth Co., 112 U. S. 294, 5 Sup. Ct. 135, 28 L. Ed. 729; Zimmerman v. So Relle, 80 Fed. 417, 25 C. C. A. 518; New River Coal Co. v. Ruffner, 165 Fed. 881, 91 C. C. A. 559; Virginia Iron, etc., v. Olcott, 197 Fed. 730, 117 C. C. A. 124.

The counsel opposing call attention to section 265 of the Judicial Code (Comp. St. § 1242): .

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

The Congress merely wrote, in the above section, what the courts of the two governments themselves had already found to be good manners and quite necessary. From such rule of comity, however, the act itself excluded authorized stays in bankruptcy proceedings. It added another exception to the general rule that each court of each of the governments is independent, and functions without hindrance or orders from any court of the other government. By the provisions of the Constitution, the Bankruptcy Act, and the Judicial Code the United States courts are given exclusive jurisdiction over the property of bank-

rupts. Correlatively, such jurisdiction is first and paramount, and any order that is necessary for the complete fruition of such jurisdiction is the child of such power.

Section 67f allows the bankruptcy court to preserve "the right under such levy, judgment, attachment, or other lien," for the benefit of the estate. This language is comprehensive; it is practically limitless; the bankrupt court may gather to itself every possible fixed charge against any of the bankrupt's property that may "fry out" anything of value; and this court shall not hesitate to give life and vitality to this most wholesome power.

But the case presented is quite unusual. A cause pends in the state court; it was the senior. Another cause and causes pend in the federal court, all junior. The trustee enters the state court as an intervener. He refuses to go forward in that suit. The plaintiff in that suit refuses to go forward. The property alleged to belong, not to the bankrupt, but to the other defendant, and alleged to be held in trust by such defendant, for the bankrupt, is withdrawn from the market by reason of the pendency of the suit. That defendant seeks a trial; he is refused. The court orders the suit dismissed, and thereupon the trustee appeals to this court for an order staying the dismissal. It does not appeal to my sense of justice or fair play to allow the trustee to experiment in the federal court with similar litigation and hold on the docket of the state court a suit which he will not try.

It will be further understood that the lien for which he contends, and wishes the benefit of, is problematical. In cause No. 71 Equity, decided by this court on December 18th, it was held that J. L. Walker did not hold any real estate that the evidence could point to as having been purchased with funds that belong to the bankrupt at any specific time, nor, for that matter, at all. Again, the inchoate lien given the plaintiff by the filing of the bill may be dependent upon diligence. Such an action must be diligently prosecuted to final judgment. This obligation likewise rests on the trustee. More than five years have passed, and he still refuses to try the case. The trustee says:

"The trustee has already secured a judgment in the federal court, and has an execution lien upon the same property upon which the equitable liens are fixed by the suit in the state court. The execution lien in the case at law is temporarily suspended pending the appeal from the judgment in the federal court. If this judgment be affirmed, the trustee will proceed with his execution. If the case should be reversed for another trial, the trustee will then exercise his judgment as to whether he will retry that case, or go into the state court and seek to establish the liens under the state law. He only seeks a stay of the state court suit pending the determination of the suit at law in the federal court."

A frank statement, and yet rather unusual. The relief that is sought from this court at this time is not to prevent any one from doing the things that the marshaling statutes were enacted to prevent, or to assist. One may imagine a trustee with innumerable suits pending in different courts and clogging such dockets by his own refusal to go forward and try them.

The order temporarily issued by this court, staying the dismissal of the state court suit, on December 12, 1923, is hereby set aside, and the stay order prayed for by the trustee is denied.