No. 511. New Negro Alliance et al. v. Sanitary Grocery Co. April 25, 1938. It is ordered that the opinion in this cause be amended (1) by striking out the last three sentences in the first full paragraph on page 5 and substituting therefor the following: "The Court of Appeals thought that the dispute was not a labor dispute within the Norris-LaGuardia Act because it did not involve terms and conditions of employment such as wages, hours, unionization or betterment of working conditions, and that the trial court, therefore, had jurisdiction to issue the injunction. We think the conclusion that the dispute was not a labor dispute within the meaning of the Act, because it did not involve terms and conditions of employment in the sense of wages, hours, unionization or betterment of working conditions is erroneous.";

(2) By striking out of the second full paragraph on page 6 the first and second sentences and so much of the third sentence as reads: "In the first place" and starting a new sentence with a capital "T";

(3) By striking out the words "In the second place" in the fourth sentence in the second full paragraph on page 6 and beginning the sentence with a capital "T."

Opinion reported as amended, 303 U. S. 552.

Nos. 715 and 716. Wright v. Union Central Life Insurance Co. April 25, 1938. In view of the Act of August 24, 1937 (50 Stat. 751), the Court hereby certifies to the Attorney General of the United States that the constitutionality of § 75 of the Bankruptcy Act, as amended by the Act of August 28, 1935 (49 Stat. 942), is drawn in question in this cause. Messrs. Samuel E. Cook, Wm. Lemke, Elmer McClain, and Ray M. Foreman for petitioner. Messrs. Louis M. Mantynband, Stanley K. Henshaw, and Virgie D. Parish for respondent.