## PACIFIC INDEMNITY CO. v. HITE.
### No. 9699.

District Court, D. Oregon.

Sept. 21, 1938

Wilson & Reilly and John F. Reilly, all of Portland, Or., for plaintiff.

K. C. Tanner and Fred Jensen, both of Portland, Or., for defendant.

McCOLLOCH, District Judge.

The bill of complaint recites that defendant claimed to have been injured in a department store in Portland, Oregon, which was covered by public liability insurance, issued by plaintiff; that plaintiff paid defendant $75 in settlement of defendant's claim, taking defendant's release in the usual form, releasing plaintiff's assured "and others"; later, defendant made further claim on the ground that his injuries were more serious than he had believed, and plaintiff paid defendant an additional $125, taking a second release. Still later, despite the sums paid and the releases given, defendant began, and there is now pending in the state courts of Oregon, an action against plaintiff's assured for the same accident and injuries, considerably more than $3,000 being claimed.

The complaint avers that "The policy of insurance also provided that this plaintiff should investigate accidents involving such injuries, negotiate for the settlement of all claims as deemed expedient by this plaintiff, and defend suits for damages even if groundless, brought against (plaintiff's assured) on account of such injuries."

Plaintiff prays that defendant be temporarily restrained by this court from further prosecuting the action in the state court, "and that on the hearing of this cause * * * (the defendant) be * * * enjoined and restrained from further prosecuting any action against (plaintiff's assured) on account of said (alleged) injuries * * * and from enforcing or collecting or attempting to enforce or collect any judgment (defendant) may recover in said action against (plaintiff's assured) * * *".

Fraud is not alleged.

Defendant has moved to dismiss the bill on four grounds, three of which are as follows:

That the bill does not state facts sufficient to entitle the plaintiff to the relief prayed for.

That the Court is without jurisdiction to restrain the prosecution of the suit pending in the state court.

That all of the matters set up in the bill can be set up as a defense in the law action pending in the state court, and that plaintiff has a complete and adequate remedy at law in that court.

As further ground for dismissal, defendant asserts that plaintiff's assured is an indispensable party in this proceeding.

I will dispose of the Motion to Dismiss on the three grounds first stated. It seems to me that they all involve the single legal proposition: The proper application of Section 265 of the U. S. Judicial Code, 28 U.S.C.A. § 379.

The section reads: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

In support of the bill, counsel for plaintiff rely heavily on Wells Fargo & Co. v. Taylor, 254 U.S. 175, 41 S.Ct. 93, 65 L.Ed. 205, and Western Union Telegraph Co. v. Tompa, 2 Cir., 51 F.2d 1032.[1]

### Wells Fargo & Co. v. Taylor

Plaintiff makes the following concise. and accurate statement of the facts and decision in Wells Fargo & Co. v. Taylor:

"Taylor, a Wells Fargo express messenger, was injured while working in an express car on a St. Louis & San Francisco Railroad Company passenger train. He brought action against the Railroad Company and eventually obtained judgment against it. Thereupon, Wells Fargo & Co. brought suit in the Federal Courts asking for an injunction against Taylor's collecting his judgment. It alleged it had a contract with the Railroad Company by which it agreed to indemnify and hold harmless that company against claims for personal injuries asserted by the Express Company's employees and that when Taylor went to work for the Express Company he agreed as a condition of his employment to assume all of the risks and that the Railroad Company should not be responsible to him under any circumstances; that when Taylor sued the Railroad Company the latter notified the Express Company and it undertook to intervene, but was not permitted to do so; that the Railroad Company undertook to make the defense of the contract and was unsuccessful. It further alleged it would be inequitable to permit Taylor to enforce his judgment. The bill was challenged by demurrer and the case was eventually brought into the Supreme Court. That court held that notwithstanding Section 265 of the Judicial Code the Express Company was entitled to a decree enjoining collection of the judgment."

The following portion of the opinion [page 96] is quoted in plaintiff's brief: "The provision [Sec. 265 of the Judicial Code] has been in force for more than a century and often has been considered by this court. As the decisions show, it is intended to give effect to a familiar rule of comity and like that rule is limited in its field of operation. Within that field it tends to prevent unseemly interference with the orderly disposal of litigation in the state courts and is salutary; but to carry it beyond that field would materially hamper the federal courts in the discharge of duties otherwise plainly cast upon them by the Constitution and the laws of Congress, which of course is not contemplated. As with many other statutory provisions, this one is designed to be in accord with, and not antagonistic to, our dual system of courts. In recognition of this it has come to be settled by repeated decisions and in actual practice that, where the elements of federal and equity jurisdiction are present, the provision does not prevent the federal courts from enjoining the institution in the state courts of proceedings to enforce local statutes which are repugnant to the Constitution of the United States [cases cited], or prevent them from maintaining and protecting their own jurisdiction, properly acquired and still subsisting, by enjoining attempts to frustrate, defeat or impair it through proceedings in the state courts [cases cited], or prevent them from depriving a party, by means of an injunction, of the benefit of a judgment obtained in a state court in circumstances where its enforcement will be contrary to recognized

---

[1] Plaintiff also cites: Sovereign Camp v. O'Neill, 266 U.S. 292, 45 S.Ct. 49, 69 L.Ed. 293; Chase National Bank v. Norwalk, 291 U.S. 431, 54 S.Ct. 475, 78 L. Ed. 894; Jamerson v. Alliance Insurance Co., 7 Cir., 87 F.2d 253.

For the history of the statute and full discussion of the decisions, see these notes: Federal Injunctions Against Proceedings in State Courts: The Life History of a Statute, Durfee and Sloss, 30 Mich.L.R. 1145; The Power of Federal Courts to Enjoin Proceedings in State Courts, Taylor and Willis, 42 Yale Law Journal 1169; Federal and State Court Interference, Warren, 43 Har.L.Rev. 345. See, also, Warren "New Light on the History of the Federal Judiciary Act of 1789" (1923) 37 Harv.L.Rev. 49.

principles of equity and the standards of good conscience [cases cited]."

And, further (next to the last paragraph of the opinion): " * * * Taylor * * became obligated to the express company to refrain from asserting any liability against it or the railroad company on account of such injuries. [Citing cases]. In violation of that agreement he wrongfully sought and obtained a judgment against the railroad company, which as between the two companies the express company is bound to pay. The judgment was obtained in an action to which that company was not a party and wherein it could not be heard. He is financially irresponsible and if the judgment is collected the express company, which has not been in any wise negligent or at fault, will be remediless. In these circumstances, that company is entitled in equity and good conscience, as is shown by the cases before cited, to a decree holding him to his agreement and depriving him of his present inequitable advantage, and to that end enjoining him from collecting the judgment."

### Western Union Telegraph Co. v. Tompa

Plaintiff's brief makes this statement of the holding in Western Union Telegraph Co. v. Tompa, 2 Cir., 51 F.2d 1032:

"The facts of this case are similar to those of Wells Fargo & Co. v. Taylor, except that suit was brought prior to any judgment having been obtained in the state court. Tompa was a cook employed on a Western Union work train and was injured while the train was being operated on the lines of the New York Central in New York. She brought suit against the Railroad Company. Thereupon, the Telegraph Company brought suit in the Federal Court to enjoin her from enforcing any judgment she might obtain in her damage action and alleged it had an existing agreement with the Railroad Company to indemnify the latter against all damage claims asserted by the Telegraph Company's employees, and that it had an agreement with Tompa by which she agreed, in event of injury on the railroad property, she would not sue the Railroad Company but would accept either the Telegraph Company's relief plan or any applicable Workmen's Compensation Act. It further alleged the Railroad Company had notified it of the pendency of Tompa's action and tendered it the defense thereof. The District Court dismissed the bill. This decision was reversed by the Second Circuit Court of Appeals. We quote the following from pages 1034, 1035:

" 'The prosecution of the defendant's pending suit is in violation of her agreement with the plaintiff, and the plaintiff has no adequate remedy at law. Even if we assume that the plaintiff has a remedy in an independent action in equity in the state court or, without deciding, by petition to intervene in the now pending suit, such a remedy does not deprive it of the right to seek redress in this action, curtail the power, or do away with the duty of a federal court to grant relief within the limits, and to the full extent, of its own jurisdiction. Simon v. Southern Railway Co., supra [236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492]; Hyde & Oglesby v. Stone, 20 How. [170] 175, 15 L.Ed. 874.

" 'Under these circumstances, it only remains to be determined whether we must wait until the threatened judgment is obtained and then enjoin its enforcement (see Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520) or so act now that the defendant may proceed in that action, if proceed she must, with knowledge in advance of the futility of doing so in violation of her agreement. There is nothing in 28 U.S.C.A. § 379, to deprive the District Court of jurisdiction of the subject-matter of this suit. Smith v. Apple, 264 U.S. 274, 44 S.Ct. 311, 68 L.Ed. 678. The plaintiff is not only threatened now with having to indemnify the railroad from loss or damage occasioned by the defense of that suit, but from all the consequences which may flow from the maintenance of that action. The fact that a federal court of equity is prevented, by the limitation imposed by the above statute, from granting complete relief, should not be taken as an excuse for not doing presently what will eventually have to be done if the threatened injury to the plaintiff should become more imminent in the event that the defendant does recover a judgment against the railroad. Indeed, the difference between the threat now of unlawful injury from such a judgment and what it will be if the defendant prevails in her state suit is only one of degree. It is too plain for discussion that her real purpose and intent is not only to obtain a judgment against the railroad, but to collect it. We cannot prevent her doing all she can to obtain one, but, since it already appears that it will inevitably be against equity and good conscience to permit her to collect it, we will now grant such

relief as we think the statute permits by enjoining her from doing anything to enforce any judgment she may obtain and leave her otherwise free to proceed as she may be advised.'"

### Defendant's Position

Defendant asserts that the Wells Fargo & Co. v. Taylor Case is distinguishable from the present case in this: That, in the present case, as shown by the bill of complaint, the plaintiff has the right, pursuant to contract with its assured, to control the defense of the case in the state court, and defendant points out that the releases on which plaintiff relies, are good defenses at law in the state court.

Defendant urges that the plaintiff's application for an injunction in this court, restraining defendant from prosecuting his law action for alleged injuries, against plaintiff's assured in the state court, would, if granted by this court, be an unwarranted assumption of jurisdiction by us, and an unwarranted interference with the state courts. In short, defendant asks that in this case we apply Section 265 of the Judicial Code, 28 U.S.C.A. § 379, literally.

Defendant relies mainly on Allen v. American Fidelity & Casualty Co., 5 Cir., 80 F.2d 458, 460.

In that case the District Court enjoined a litigant who had been unsuccessful in a prior action on an insurance policy, from maintaining a proceeding in a state court to reform the policy.

The able and modern-minded Circuit Judge Hutcheson (in reversing the District Court) expresses what seems to be the prevailing present-day point of view as to the power of Federal Courts to interfere with proceedings in state courts. Reading of the full opinion will well repay those interested in the subject.

Federal courts, including the Supreme Court, took the position, from early days, that the inhibition of the Judicial Code against interference by injunction with proceedings in state courts was merely a restatement of the pre-existing rule of comity between courts.[2] See, for example, In re Walker Grain Co., D.C., 294 F. 951, at page 952: "The Congress merely wrote, in the above section, what the courts of the two governments themselves had already found to be good manners and quite necessary."

The instances where Federal Courts have declined to observe the letter of the statute, and have issued injunctions interfering with proceedings in state courts, are referred to by Mr. Justice Brandeis in Chase National Bank v. Norwalk, 291 U.S. 431, at page 435, 54 S.Ct. 475, 477, 78 L. Ed. 894, as "exceptions" to the general rule.[3]

Where an exception by construction is made to a statute, it would seem more realistic, to employ a modern phrase, to acknowledge that an exception is being made, rather than to say, as in Wells Fargo & Co. v. Taylor, that the statute is to be taken in different senses on different occasions.[4]

The obvious difficulties with which the court labored in Western Union Telegraph Co. v. Tompa, arose, it seems to me, from

---

[2] Section 265 of the Judicial Code (not including the bankruptcy section), first appeared in an Act of 1793 amending the Judiciary Act of 1789 (Act, chapter 22, Sec. 5, 1 Stat. 333, 334, 335). (Durfee and Sloss, supra, p. 1145); Hull v. Burr, 234 U.S. 712, 34 S.Ct. 892, 58 L.Ed. 1557. The bankruptcy exception was added by the revised statutes of 1874, R.S. p. 1149. (Durfee and Sloss, id. p. 1149).

[3] See, also, the language used by Justice Pitney: "The contention [is] that the present case falls within this exception to the general application of § 720 * * *." Hull v. Burr, supra, at page 723, 34 S.Ct. at page 897.

And see Essanay Film Mfg. Co. v. Kane, 258 U.S. 358, at page 361, 42 S. Ct. 318, at page 319, 66 L.Ed. 658: "* * * since 1793, the prohibition of the use of injunctions from a federal court to stay proceedings in a state court has been maintained continuously, and has been consistently upheld. * * * In exceptional instances the letter has been departed from while the spirit of the prohibition has been observed * * *."

Late cases referring to the "exceptions" to the prohibition of the Judicial Code against Federal injunctions are: Standard Accident Insurance Co. v. Alexander, Inc., D.C.Tex., 23 F.Supp. 807, at page 809(6); Davega-City Radio, Inc., v. Boland, D.C.N.Y., 3 Judge Court, 23 F. Supp. 969, at page 970, top of second column.

[4] Observe the language of the Wells Fargo opinion at page 186, 41 S.Ct. at page 97: "Without pursuing the subject further, we hold that the present suit is not one to stay proceedings in a state court in the sense of section 265."

failure to frankly recognize that the cases where Federal injunctions have been issued to restrain proceedings in state courts, have been court made exceptions.[5] Surely, no one will deny that enjoining the enforcement of any judgment that may be obtained accomplishes the same result, as a practical matter, as if proceedings are enjoined before judgment.

This being the state of the law, and Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, pointing the way to the lower Federal courts to guard against drawing doubtful jurisdiction to themselves, acknowledging fully the authority of Wells Fargo & Co. v. Taylor, I hold that the case before me is distinguishable from the Wells Fargo Case in that it did not clearly appear in the Wells Fargo Case that plaintiff had the right, which it has here, to control the defensive proceedings in the state court, as fully as if plaintiff itself were the defendant in the state court.

Since this distinction exists between the present case and the Wells Fargo Case, and since the true rule, as I view it, is that in cases where injunctive relief against state court proceedings is granted, this is done by judicial exception to Section 265 of the Code, I am unwilling to enlarge the exception as declared in Wells Fargo & Co. v. Taylor, in the absence of a declaration by the Circuit Court of Appeals of this Circuit, or by the Supreme Court, that it is good judicial policy to further enlarge the exceptions to the statute.[6]

For the reasons given the motion to dismiss is granted.

---

[5] See the closing language of the opinion at page 1035: "We cannot prevent her doing all she can to obtain one [a judgment], but, since it already appears that it will inevitably be against equity and good conscience to permit her to collect it [any judgment she might obtain], we will now grant such relief as we think the statute permits by enjoining her from doing anything to enforce any judgment she may obtain and leave her otherwise free to proceed as she may be advised."

The Court seemed to think that it could not interfere with the case in the State court prior to judgment, because that would be a restraint of "proceedings", but that it could, under authority of the Supreme Court decision, restrain enforcement of any judgment that might be obtained. But the Supreme Court had never said that steps taken to enforce State court judgments were not "proceedings."

[6] Essanay Film Mfg. Company v. Kane, 258 U.S. 358, 42 S.Ct. 318, 66 L.Ed. 658, decided in the year following the Wells Fargo & Co. v. Taylor Case, indicates a more friendly attitude by the Supreme Court toward Section 265. See the comment of Durfee and Sloss on the Wells Fargo and Essanay Cases at pages 1167 and 1168 of their interesting article in 30 Michigan Law Review.

In declining to follow the decision of the Second Circuit in Western Union Telegraph Co. v. Tompa, I consider that I am supported by the reasoning of the 5th Circuit in the later case of Allen v. American Fidelity & Casualty Co. per Hutcheson, J., supra, 5 Cir., 80 F.2d 458, wherein the Court said (page 460): "If this is all the plaintiff is seeking [to restrain defendant from enforcing a claim barred by prior judgment between the parties], defendant needs but to plead his federal court judgment [in the state court] as a bar."

By the same reasoning, all plaintiff in the present case needs to do is to plead the two releases obtained from defendant in bar in the state court. Plaintiff's contractual right to control the defense in the state court gives it the same freedom of action in defending as if it were the named defendant.

The fact that defendant has given two releases does not add any strength, in principle, to plaintiff's position. If plaintiff can enjoin a state court proceeding, where two releases have been given, it can enjoin where a single release has been given.