**BROWN et al. v. COUMANIS et al.**

**No. 10453.**

Circuit Court of Appeals, Fifth Circuit.

April 12, 1943.

Bentley G. Byrnes and Bernard J. Fonseca, both of New Orleans, La., for appellants.

Ralph G. Holberg, Jr., and Wm. G. Caffey, both of Mobile, Ala., for appellees.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

George Nicolas Coumanis and Paul Nicolas Coumanis petitioned the District Court for an injunction against two local labor unions and against certain individuals, setting up that there existed a labor dispute within the Norris-La Guardia Act, 29 U.S.C.A. §§ 101–115, 47 Stat. 70–73, in which certain unlawful and fraudulent conduct had been resorted to by the defendants, and violence was threatened, causing irreparable injury to petitioners' restaurant business in Mobile, Alabama. After hearing testimony in open court, but without notice to the defendants, the Court made findings in accordance with the Act, and issued a restraining order, setting a hearing a week later. At the hearing the defendants, besides answering to the merits, pleaded that the court had no jurisdiction over the case, because it did not involve a federal question, nor interstate commerce, nor diversity of citizenship. The petitioners amended to allege in general terms an obstruction by defendants' acts of the full flow of commerce between the States in commodities used in their business. The court again heard evidence, expressly held that it had jurisdiction, again made the findings required by the Act, and made an injunction practically the same as the restraining order. This appeal followed.

The federal jurisdiction of the court is the controlling question. And that depends on the allegations made in the petition, as has long been settled. An amount in excess of $3,000 is alleged to be involved. Diversity of citizenship is not alleged. The only ground of jurisdic-

tion claimed below and here is that the controversy arises under the laws of the United States. The controversy, as the petition states it, is: Petitioners are engaged in the restaurant business, in peace and harmony with their employees, who are not members of any labor union, nor desiring to be, though they have been notified that they are free to become members of any labor organization they desire, and have never been hindered by petitioners, who stand ready to deal with any representative or union they may select. The defendants, though not representing petitioners' employees or any one of them, demanded that petitioners sign a closed shop contract with them, which petitioners, after enquiry among their employees, refused to do. The defendants thereupon picketed their place of business, making fraudulently false statements about petitioners' attitude towards labor and the wages paid their employees, interfering with customers, preventing the bringing in of beverages and food, and thus breaking up petitioners' business. It was also alleged that petitioners' establishment is designated for the furnishing of meals to the United States Army Recruits under a contract duly made with agents acting for and in behalf of the United States Army, to the knowledge of defendants. That some of petitioners' supplies come in interstate commerce is inferentially alleged in the amendment. The only express mention in the petition of a law of the United States is, that after stating the amount involved it is alleged: "This bill of complaint is filed under federal legislation known as the Norris-La Guardia Act and cited in Title 29 U.S.C.A. Sections 101–115 inclusive * * * and complainants aver that they are involved in a labor dispute with respondents pursuant to said Act."

The amendment consists only of a legal conclusion, that if injunction does not issue interstate commerce in commodities used by petitioners will be obstructed. It does not purport to allege a breach of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note. Nor does the allegation of interference with an army contract appear to us to state a case arising under any law relating to the Army. We are referred in argument to no such law, and none occurs to us. The pleader is evidently relying on the Norris-La Guardia Act as the law of the United States under which the controversy arises. Upon this Act the argument here has turned.

We have no doubt that a "labor dispute" within the Act is alleged. That the dispute is not between petitioners and their own employees does not matter. New Negro Alliance v. Sanitary Grocery Co., 303 U.S. 552, 304 U.S. 542, 58 S.Ct. 703, 82 L.Ed. 1012. And the allegations that the defendants' conduct involves fraudulent misstatement and threatened violence, so as to exclude it from some of the prohibitions of the Act, are also clear enough. But we think the Act does not undertake to establish for employers any new substantive rights, nor put within the protection of federal courts all labor disputes, even though the conditions of the Act are met.* See Lauf v. E. G. Shinner & Co., 303 U.S. 323, 58 S.Ct. 578, 82 L.Ed. 872. Its purpose is not to enlarge federal jurisdiction, but, in the matter of using injunctions, to restrict it. It extends and supplements the restrictions first imposed by Section 20 of the Clayton Act, 29 U.S. C.A. § 52; United States v. Hutcheson, 312 U.S. 219, 61 S.Ct. 463, 85 L.Ed. 788; Milk Wagon Drivers Union v. Lake Valley Farm Products, 311 U.S. 91, 61 S.Ct. 122, 85 L.Ed. 63. The language is everywhere negative—"No court of the United States * * * shall have jurisdiction." Sect. 101, 107. "No restraining order or injunctive relief shall be granted." Sect. 108, 109. It is argued that these negative provisions are followed by "except", or like provisions, which imply that jurisdiction is given and injunctive relief may be granted if the stated conditions are met. These conditions are mainly procedural, and do not enlarge the courts' jurisdiction over controversies. The Norris-La Guardia Act does not vest power in a court of the United States to do anything it could not previously have done. It merely denies power to do by injunction some things the courts had been doing. A suit does not arise under that Act because the petitioner asserts that the Act will affect its trial, and professes his willingness to conform to it. In order to generate this kind of federal juris-

* See opinion of Atty. Genl. Murphy, 39 Op. Atty. Gen. 242, page 246: "None of these acts [including the Norris-La Guardia Act], attempts to confer or protect such rights within a State generally and without regard to the constitutional division of powers between the Federal and State Governments."

diction a right or immunity created by the Constitution or laws of the United States must be an essential element of the plaintiff's cause of action. Gully v. First Natl. Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70. And this must appear not by mere inference, but by distinct averments according to the rules of good pleading. Hull v. Burr, 234 U.S. 712, 34 S.Ct. 892, 58 L.Ed. 1557. Under the pleaded facts, we think this suit is not one arising under any law of the United States, and the district court was not authorized to give final relief touching it by injunction or otherwise. The judgment is reversed with direction to dismiss the petition unless amended to show a controversy within the jurisdiction of a federal court.

Reversed.