Filbert GARFINKLE, Plaintiff-Appellant,

v.

SUPERIOR COURT OF NEW JERSEY, CHANCERY DIVISION, ESSEX COUNTY, N. J., J. Bernard Saltzman, Market Associates, Benjamin M. Bornstein, A. Leon Kohlreiter, Jacob Moskow and Jules L. Rubinson, Defendants-Respondents.

No. 13069.

United States Court of Appeals Third Circuit.

Argued April 4, 1960.

Decided April 28, 1960.

Filbert Garfinkle, pro se.

J. Bernard Saltzman, Passaic, N. J., for appellees.

A. Leon Kohlreiter, Paterson, N. J. (Andrew Mainardi, Jr., Paterson, N. J., on the brief), pro se and for appellees Moskow, Bornstein and Rubinson.

Before McLAUGHLIN, STALEY and FORMAN, Circuit Judges.

PER CURIAM.

This is essentially a dispute between father and son (appellant here) over the ownership of certain real property. The New Jersey Superior Court in a suit by the father held that the latter was half owner. In the same suit the son claimed the existence of a trust fund allegedly set up by the father for the son's benefit with the trustees stated to consist of defendants, A. Leon Kohlreiter, Benjamin M. Bornstein, Jacob A. Moskow and Jules L. Rubinson, trading under the name of

Market Associates, J. Bernard Saltzman, a defendant in this litigation, represented Garfinkle, Sr. in the state court. The son also asserted that his father had breached their agreement for mutual wills. All these claims were denied by the Superior Court and defendant was ordered to account for the income received from the property in question. The Appellate Division affirmed the action of the trial court and the state Supreme Court denied certification.

Another attempt to appeal to the state Supreme Court from the decision of the Appellate Division was dismissed. Appellees say in their brief that "On January 4, 1960, that order of dismissal was itself the subject of an appeal to the United States Supreme Court"; there is no mention of this anywhere in appellant's appeal books.

While Garfinkle's appeal in the New Jersey proceeding was pending, he started a new state court suit based on the first state action, including among others the present individual defendants. This need not be gone into other than to state that it was dismissed on motion and that no appeal was taken.

In his original complaint filed in the district court, appellant recounts at length his story of the disagreement between his father and himself and of the state litigation but nowhere presents a federal cause of action. He attempted to remedy that by filing an amendment to his complaint. This reads:

"Plaintiff, Filbert Garfinkle, amends his complaint filed in the above entitled cause in the following manner, by adding further Federal grounds for bringing his complaint.

"1. Under the last clause of subsection (2) of section 47 of Title 8 U.S.C.A.[1]

"2. The Thirteenth Amendment, Section 1.

"3. U.S.C. Title 8 Sec. 56.[2]

"4. The failure of the courts to enforce the contractual obligation either expressed or implied between the plaintiff and his father and by denying the said plaintiff any remuneration for investment, labor and management in said property prior to 1955 is a direct violation of the 13th Amendment and the U.S. Code.

"5. Plaintiff states he did file a criminal complaint against said Market Associates and its officers in Paterson, N. J. and said complaint was dismissed upon the urging of the assistant prosecutor.

"6. Plaintiff states that he also filed a civil suit against said Market Associates, J. Bernard Saltzman and others and this was also dismissed.

"7. Plaintiff states that in each instance the case was dismissed without any reference being made to the trust fund and not a single citation or statute was presented to justify dismissal.

"8. Plaintiff further states it therefore becomes the duty of the Federal Courts to determine what the law is and to apply it."

Appellant closes his reply brief by claiming federal jurisdiction on the theory of conspiracy to deny him equal protection of the laws; to injure him or his property "for lawfully enforcing or attempting to enforce the equal protection of the laws." He also asserts jurisdiction in the district court under the proposition that it is "for the protection of all persons in the U.S. in their Civil Rights."

Entirely aside from the confusion in the complaint as amended and the argument used to support it, it is evident that appellant's alleged grievances arise not from the exertion of state law but the violation thereof. His stated fundamental facts, irrespective of their fantastic nature, certainly do not show clearly and distinctly that this suit is based on a federal question. Hull v. Burr, 1914, 234 U.S. 712, 720, 34 S.Ct. 892, 58 L.Ed. 1587, and cases there cited. It is further very plain from the papers furnished us by appellant that the state court litiga-

---

1. Now 42 U.S.C.A. § 1985.

2. Now 42 U.S.C.A. § 1994.

tion, upon which the present action is founded, involved primarily questions of credibility which were resolved against appellant.

The judgment of the district court will be affirmed.